ECONOMY FIRE & CASUALTY COMPANY, Plaintiff-Appellant, v. PAULA KUBIK, by and through Edward Kubik, her Guardian *ad litem*, Defendant-Appellee (Kenneth Meyer, *et al.*, Defendants).—ECONOMY FIRE & CASUALTY COMPANY, Plaintiff-Appellant, v. PAULA KUBIK, by and through Edward Kubik, her Guardian *ad litem, et al.*, Defendants-Appellees.

First District (4th Division)   Nos. 85—989, 85—1748

Opinion filed April 10, 1986.

---

\*This opinion was concurred in prior to the retirement of Presiding Justice James J. Mejda from the court.

Orner, Wasserman & Moore, Ltd., of Chicago (Norton Wasserman and Esther Joy Schwartz, of counsel), for appellant.

Schoen & Smith, Ltd., of Chicago (David M. Smith, of counsel), for appellee Paula Kubik.

Patrick Mahoney & Associates, P.C., of Chicago (Thomas A. Goldrick, of counsel), for appellees Kenneth Meyer, Olivia Meyer and the estate of Danny K. Meyer.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, Economy Fire & Casualty Company (Economy), instituted this declaratory judgment action seeking an order by the trial court that Economy is not obligated to defend Paula Kubik, the daughter of Edward Kubik, for claims arising from an accident Paula was involved in on September 3, 1984. Edward Kubik had previously purchased from Economy an automobile liability policy covering himself and each person constituting a "family member." Economy claims that although Paula is a "family member" under the terms of Edward's policy, nevertheless, Economy is not obligated to defend or indemnify Paula for claims arising from this particular accident because of an exclusion in the policy (exclusion No. 11), that bars coverage "for any person using a vehicle without a reasonable belief that the person is entitled to do so."

Soon after Economy filed its complaint, Paula moved for summary judgment contending that the aforementioned exclusion is ambiguous and should be drawn against Economy and in her favor. The trial court agreed with Paula and found that Economy was obligated to defend and/or indemnify Paula for any claims arising from the September 3, 1984, accident.

Economy now brings this appeal.

Economy asserts on appeal that the trial court erred in its construction of the policy, and in particular exclusion No. 11. It is Economy's position that: (1) the language of exclusion No. 11 is clear and unambiguous and requires no interpretation; (2) if the drafters of exclusion No. 11 wanted to draw an exception for a "family member," they would have so stated; and (3) the intent of the drafters of exclusion No. 11 was, through the use of the terms "any person," to encompass every circumstance where an individual used an automobile "without permission."

We affirm the ruling of the trial court:

BACKGROUND

The facts are not in dispute. On August 21, 1984, Economy issued to Edward Kubik an automobile insurance policy (policy No. PR 12—038506) covering a 1977 Buick Skylark owned by him. The policy provided liability coverage for personal injury and property damage caused by Edward or any member of his family while they were operating Edward's Buick Skylark. The policy ws effective from August 20, 1984 to February 20, 1985. The key provisions pertinent to this appeal state:

"We do not provide liability coverage for:

11. For any person using a vehicle without a reasonable belief that the person is entitled to do so."

On September 3, 1984, Edward Kubik's 14-year-old daughter, Paula, was involved in an auto accident in which Danny K. Meyer was killed. At the time of the accident, Paula was driving her father's 1977 Buick Skylark.

On October 24, 1984, Economy filed this declaratory judgment action. On June 12, 1985, the trial court granted Paula's motion for summary judgment prompting Economy to bring this appeal.

OPINION

■ We initially note that the instant case is before us as a result of the trial court's decision to grant Paula summary judgment. A motion for summary judgment should be granted if the record discloses that there is no genuine issue of material fact and that the moving party is therefore entitled to judgment as a matter of law. (*State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601.) Since construction of an insurance policy presents only a question of law (*Voss v. Associated Life Insurance Co.* (1976), 36 Ill. App. 3d 105, 343 N.E.2d 174), it is an appropriate issue for determination by means of summary judgment. *Rivota v. Kaplan*

(1977), 49 Ill. App. 3d 910, 364 N.E.2d 337.

■■ The rules governing the interpretation of insurance policies require the court to effectuate the intent of the parties. (*State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601.) Where the terms of a policy are clear and unambiguous, its plain meaning will be given effect. (*Zipf v. Allstate Insurance Co.* (1977), 54 Ill. App. 3d 103, 369 N.E.2d 252.) Where, however, a provision in an insurance policy is subject to more than one reasonable interpretation, it is ambiguous and should be construed against the insurer and in favor of the insured. (*Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367, 389 N.E.2d 144.) Ambiguous provisions in which an insurer seeks to limit its liability are construed most strongly against the insurer with the insurer having the obligation to show that the claim falls clearly within the exclusion. (*State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601.) Thus, exclusionary provisions are applied only where the terms are clear, definite, and explicit. 94 Ill. App. 3d 1062, 1064, 419 N.E.2d 601, 602.

There are basically two reasons underlying the rules set forth above: (1) the insured's intent in purchasing an insurance policy is to obtain coverage and therefore any ambiguity jeopardizing such coverage should be construed consistent with the insured's intent, (*State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601); and (2) the insurer is the drafter of the policy and could have drafted the ambiguous provision clearly and specifically. *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 387 N.E.2d 700.

■■ In the case at bar, we believe that exclusion No. 11 is subject to more than one reasonable interpretation and is, therefore, ambiguous. Our decision is based on the vagueness created by the manner in which Economy uses the term "family member" and "any person" interchangeably throughout the policy's exclusions.

We first note that throughout its policy, Economy refers to two different and distinct classes of individuals: those who constitute a "family member" and those within the group comprising "any person." Taken by themselves, the terms "family member" and "any person" have a clear meaning—"family member" (as defined in the policy itself) includes any "person related to you (the insured) by blood, marriage or adoption who is a resident of your (the insured's) household, including a ward or foster child." The term "any person," on the other hand, would seem, standing by itself, to encompass every possible individual including the insured and his family members. In this respect,

we agree with Economy that the terms "family member" and "any person" have, standing by themselves, a clear and unambiguous meaning.

However, while the terms "family member" and "any person" have a clear meaning when standing alone, that meaning can become, as in the instant case, ambiguous through the manner in which those terms are used throughout the policy. In this regard, we note that the terms "family member" and "any person" are used selectively throughout the policy's exclusions in such a way as to create the impression that they refer to mutually exclusive classes. Exclusion No. 10, for example, applies only to a "family member." Exclusions Nos. 1, 2, 4, 5, 7, 11 and 12, on the other hand, apply only to the class constituting "any person." In addition, exclusions Nos. 3 and 6 apply to both a "family member" and "any person." Thus, the policy implies that some exclusions are applicable to only a "family member," some exclusions are applicable to only the class comprising "any person" (a group separate and distinct from a "family member"), and some exclusions are applicable to both a "family member" and "any person."

This selective use of the terms "family member" and "any person" is critically important, for the term "family member" is notably absent from exclusion No. 11. Again, exclusion No. 11 bars coverage "for any person using a vehicle without a reasonable belief that the person is entitled to do so." Exclusion No. 11 does not bar, as several other exclusions specifically do, coverage for a "family member." Consequently, a reading of the policy gives rise to the implication that a "family member" is barred from coverage by only those exclusions wherein the term "family member" is specifically included (Nos. 3, 6 and 10) and is likewise not barred from coverage by those exclusions, such as exclusion No. 11, which do not contain the term "family member." As a result, because the policy considers a "family member" and "any person" as two distinct classes, and because exclusion No. 11 does not include the term "family member" whereas several other exclusions within the policy specifically do, it is apparent that at the very least, an ambiguity is created with regard to whether a "family member" is barred from coverage by exclusion No. 11.

Economy, however, advances two additional arguments in support of its contention that exclusion No. 11 is legally sufficient and properly applicable to the facts of the present case: (1) the intent of the drafters of the policy was, through exclusion No. 11, to encompass every situation involving every person using a vehicle without permission; and (2) if the drafters of exclusion No. 11 wanted to draw an exception for a "family member," they would have so stated.

Addressing first Economy's claim regarding the "intent" of the drafters, we are unpersuaded by this argument based on our inability to glean this "intent" from the language of the policy itself. In this regard, we note that the term "without permission" is, in no way, present anywhere in the policy. Nevertheless, throughout its brief and during oral argument, Economy asserts that exclusion No. 11 is meant to bar coverage "for any person, driving any vehicle, without permission to do so." Whether such was the intent of the drafters of exclusion No. 11 or not, our key inquiry is whether that intent *is expressed in the language of the policy itself* such that it is understandable to the person purchasing the insurance contract. As stated above, because Economy treats a "family member" as a separate and independent group from that comprising "any person" by placing "family member" in some exclusions while omitting it from others, we are compelled to read exclusion No. 11 literally and thereby find that it does not apply to a "family member."

We likewise must reject Economy's assertion that even though the term "family member" is not included within exclusion No. 11, nevertheless, a "family member" is barred from coverage by falling within the class constituting "any person." We again stress that the ambiguity in Economy's policy stems not from the language in and of itself, but rather from the manner in which that language is employed throughout the policy. That the term "family member" was specifically included within several exclusions and yet omitted from exclusion No. 11 cannot be overlooked. Indeed, Economy's decision to insert the term "family member" in some exclusions while omitting "family member" from exclusion No. 11 leads to but one conclusion: exclusion No. 11 does not, as several other exclusions do, apply to a "family member."

In sum, we believe that exclusion No. 11 is ambiguous with regard to whether it applies to a "family member." Consequently, we must construe the policy, including exclusion No. 11, in a light most favorable to Paula Kubik, the insured. (*Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367, 389 N.E.2d 144.) That being the case, we agree with the trial court that Economy is required to defend and/or indemnify Paula Kubik for any claims arising from the September 3, 1984, accident involving Danny K. Meyer.

Accordingly, for the reasons set forth above, the decision of the trial court is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.