HARTFORD INSURANCE COMPANY OF ILLINOIS, Plaintiff-Appellee, v. BAILEY B. JACKSON *et al.*, Defendants (Robert O. Duffy, Special Adm'r of the Estate of Robert N. Duffy, Deceased, Defendant-Appellant).

Second District   No. 2—89—1334

Opinion filed December 18, 1990.—Rehearing denied January 24, 1991.

Robert A. Clifford, Keith A. Hebeisen, and Robert P. Sheridan, all of Robert A. Clifford & Associates, of Chicago, for appellant.

D. Kendall Griffith, Stephen R. Swofford, Robert G. Black, and Peter C. Morse, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Robert O. Duffy, special administrator of the estate of Robert N. Duffy (Robert), appeals from an order of the circuit court granting summary judgment in favor of plaintiff, Hartford Insurance Company of Illinois.

Initially, we address defendant's motion for leave to supplement the record, which this court ordered taken with the case. Specifically, the motion requests leave to supplement the record with the November 16, 1989, report of the proceedings. We grant this motion.

Next, plaintiff argues that this court does not have jurisdiction to hear this appeal. Its contentions are essentially the same as those brought before this court in a motion to dismiss the instant appeal. Said motion was denied by this court on April 24, 1990. After carefully reviewing plaintiff's argument, we adhere to our prior position that this appeal should not be dismissed for lack of jurisdiction.

In June 1986, defendant filed a complaint against Bailey Jackson (Bailey) and Jacqueline Jackson (Jacqueline) for damages arising by reason of Robert's death. On October 13, 1986, a complaint was also filed against Bailey and Jacqueline by Fireman's Fund Employer's Insurance Company (Fireman's) as subrogee of defendant for medical payment made by reason of Robert's injuries. On July 28, 1985, Robert was involved in an automobile accident, sustaining injuries from which he died the following day. Bailey drove the vehicle involved in the fatal accident. At this time, he was a minor and unlicensed to drive. The car in question was owned by Bailey's mother, Jacqueline, and was insured by a policy of insurance issued by plaintiff. Said policy, No. 82 PH 531573, was issued to the estate of Robert S. Jackson and was in effect from May 3, 1985, to November 3, 1985.

On April 5, 1988, plaintiff filed suit seeking a declaration that it was under no duty to defend or indemnify defendant for the one-car accident arising from Bailey's operation of an automobile on July 28, 1985. Plaintiff's complaint named Bailey, Fireman's, and the in-

stant defendant as defendants. Plaintiff alleged that Bailey was not a licensed driver and, further, did not have the permission of his mother, Jacqueline, to drive the subject vehicle.

Plaintiff's complaint for declaratory judgment named Fireman's and Bailey as defendants. In asserting no liability coverage for the accident, plaintiff relied on the following exclusion in its policy:

"Exclusions

We do not provide liability coverage for any person:

* * *

8. Using a vehicle without a reasonable belief that that person is entitled to do so."

Following answers by all defendants, plaintiff filed a motion for summary judgment asserting Bailey was operating the insured 1969 Oldsmobile Cutlass without a reasonable belief he was entitled to do so. Thereafter, his actions fell squarely within the exclusionary language cited above, and no coverage could be afforded.

Bailey admitted in deposition testimony that he was 15 years old at the time of the accident, did not possess a valid driver's license, and could not legally drive in Illinois. Bailey knew he could not drive a car, and he admitted that he never received any permission from his mother to operate the 1969 Oldsmobile Cutlass. Bailey obtained an extra set of keys for the car surreptitiously while searching through his father's belongings. Bailey stated that he had no reason to believe he was permitted to drive the car and that he had no reason to believe he was entitled, legally or otherwise, to use the car.

On July 28, 1985, Bailey stayed at home while his mother went out for dinner. Bailey called his friend, Robert, to go for a "joy ride" in the subject automobile, despite the fact local police had previously ordered the two boys to stay away from each other following their apprehension for stealing hood ornaments from cars. This joy ride ended in the fatal accident.

At her deposition, Jacqueline testified that she never allowed her son, Bailey, to operate the vehicle and expressly denied him permission to do so. Based upon these facts, plaintiff's motion for summary judgment concluded that Bailey had no reasonable belief he was entitled to use the insured vehicle. Therefore, the reasonable belief exclusion applied, and plaintiff had no duty to defend or indemnify him for the underlying lawsuits arising out of the accident.

Defendant also filed a motion for summary judgment, conceding the facts were clear but asserting the exclusionary language itself

was ambiguous. Defendant's argument focused solely on whether, under Illinois law, by stating the exclusion was applicable to "any person" under the preamble to the exclusion in the policy, plaintiff's policy exempted family members like Bailey from the exclusion. Fireman's also filed a motion for summary judgment claiming ambiguity and, therefore, coverage to Bailey.

After a hearing on March 3, 1989, the trial court found in favor of plaintiff and against all defendants. Following an extension of time granted on March 31, 1989, defendant filed a motion for rehearing or, alternatively, to vacate on April 21, 1989. Defendant argued that the trial court's determination was erroneous in light of the decision in *Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, and that, irrespective of Kubik, Illinois law and public policy forbade the application of the exclusion to family members.

On October 17, 1989, this motion was stricken and denied upon technical grounds because it was not called for hearing within the 60 days provided for by local rule. Upon motion to reconsider the foregoing order, the trial court vacated the October 17 order and, on December 14, 1989, denied defendant's motion for rehearing or, alternatively, to vacate on the merits and reiterated its order granting plaintiff's motion for summary judgment. Thereafter, defendant filed his notice of appeal on December 18, 1989. No other defendants have appealed.

■■ Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (*Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107.) Construction of an insurance policy is a matter of law to be determined by the court. (*Nationwide Mutual Insurance Co. v. Hecker* (1989), 183 Ill. App. 3d 13.) A court's primary purpose in construing an insurance contract is to give effect to the intention of the parties as expressed within that agreement. (*Weeks v. Aetna Insurance Co.* (1986), 150 Ill. App. 3d 90.) In so doing, words are to be accorded their ordinary and popular meaning. (*Strzelczyk v. State Farm Mutual Automobile Insurance Co.* (1985), 138 Ill. App. 3d 346.) Where the provisions of an insurance policy are clear and unambiguous, it is the duty of the courts to enforce the policy as any other contract, that is, according to its plain meaning as written. *Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365.

■■ ■ A policy provision will only be ambiguous if, in considering the contract as a whole, it is subject to more than one reason-

able interpretation. (*Dolan v. Welch* (1984), 123 Ill. App. 3d 277.) Where an ambiguity does exist, the policy will be construed strictly against the insurer as drafter. (*Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367.) Moreover, ambiguous provisions in which the insurance company seeks to limit its liability are construed most strongly against the insurer and in favor of the insured. (*State Farm Fire & Casualty Co. v. Moore* (1981), 103 Ill. App. 3d 250.) Rules of construction, however, do not mean a court will construe a contract to create ambiguity where none exists. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486.) If the words of a policy can reasonably be given their plain, ordinary, and popular meaning, the provisions should be applied as written, and the parties should be bound by the agreement they made. *Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376.

Defendant argues that *Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, controls this result. Plaintiff contends that *Kubik* is distinguishable from this case. The disputed policy in *Kubik* has been included in the instant record. Thus, we cite relevant sections of the *Kubik* policy for purposes of comparison.

The *Kubik* policy defines "family member" as a "person related to you *** by blood, marriage or adoption who is a resident of your *** household, including a ward or foster child." (*Kubik*, 142 Ill. App. 3d at 909.) The *Kubik* court surmised that the term "any person" would "seem, standing by itself, to encompass every possible individual including the insured and his family members." 142 Ill. App. 3d at 909.

Moreover, the *Kubik* policy includes the following definitions of "covered person":

" 'Covered person' as used in this Part means:

1. You or any family member for the ownership, maintenance or use of any auto or trailer.

2. Any person using your covered auto.

3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or trailer, other than your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or trailer."

Under the *Kubik* policy's "Exclusions" section, the following

language is found:

"We do not provide Liability Coverage:

1. For any person who intentionally causes bodily injury or property damage.

2. For any person for damage to property owned or being transported by that person.

3. For any person for damage to property rented to, used by, or in the care of that person. This exclusion does not apply to damage to a residence or private garage. It also does not apply to damage to any of the following type vehicles not owned by or furnished or available for the regular use of you or any family member:

    a. private passenger autos;

    b. trailers; or

    c. pickups, panel trucks, or vans.

4. For any person for bodily injury to an employee of that person during the course of employment. This exclusion does not apply to bodily injury to a domestic employee unless workers' or workmen's compensation benefits are required or available for that domestic employee.

5. For any person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee. This exclusion does not apply to a share-the-expense car pool.

6. For any person while employed or otherwise engaged in the business or occupation of selling, repairing, servicing, storing or parking of vehicles designed for use mainly on public highways, including road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of your covered auto by you, any family member, or any partner, agent or employee of you or any family member.

7. For any person maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a private passenger type auto. It also does not apply to the maintenance or use of a pickup, panel truck or van that you own.

8. For the ownership, maintenance or use of any motorized vehicle having less than four wheels.

9. For the ownership, maintenance or use of any vehicle, other than your covered auto, which is owned by you or furnished or available for your regular use.

10. For the ownership, maintenance or use of any vehicle, other than your covered auto, which is owned by or furnished or available for the regular use of any family member. However, this exclusion does not apply to you.

11. For any person using a vehicle without a reasonable belief that the person is entitled to do so.

12. For any person for bodily injury or property damage for which that person is an insured under a nuclear energy liability policy or would be an insured but for its termination upon exhaustion of its limit of liability. A nuclear energy liability policy is a policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada, or any of their successors."

The *Kubik* court found that the manner in which the policy interchanged the terms "family member" and "any person" created an ambiguity which subjected paragraph 11 to more than one interpretation.

Specifically, the *Kubik* court stated:

"However, while the terms 'family member' and 'any person' have a clear meaning when standing alone, that meaning can become, as in the instant case, ambiguous through the manner in which those terms are used throughout the policy. In this regard, we note that the terms 'family member' and 'any person' are used selectively throughout the policy's exclusions in such a way as to create the impression that they refer to mutually exclusive classes. Exclusion No. 10, for example, applies only to a 'family member.' Exclusions Nos. 1, 2, 4, 5, 7, 11 and 12, on the other hand, apply only to the class constituting 'any person.' In addition, exclusions Nos. 3 and 6 apply to both a 'family member' and 'any person.' Thus, the policy implies that some exclusions are applicable to only a 'family member,' some exclusions are applicable to only the class comprising 'any person' (a group separate and distinct from a 'family member'), and some exclusions are applicable to both a 'family member' and 'any person.'

This selective use of the terms 'family member' and 'any person' is critically important, for the term 'family member' is notably absent from exclusion No. 11. Again, exclusion No. 11 bars coverage 'for any person using a vehicle without a reasonable belief that the person is entitled to do so.' Exclusion No. 11 does not bar, as several other exclusions specifi-

cally do, coverage for a 'family member.' Consequently, a reading of the policy gives rise to the implication that a 'family member' is barred from coverage by only those exclusions wherein the term 'family member' is specifically included (Nos. 3, 6 and 10) and is likewise not barred from coverage by those exclusions, such as exclusion No. 11, which do not contain the term 'family member.' As a result, because the policy considers a 'family member' and 'any person' as two distinct classes, and because exclusion No. 11 does not include the term 'family member' whereas several other exclusions within the policy specifically do, it is apparent that at the very least, an ambiguity is created with regard to whether a 'family member' is barred from coverage by exclusion No. 11." 142 Ill. App. 3d at 910.

▮ In the instant policy, the term "family member" is defined as "a person related to you [the named insured] by blood, marriage, or adoption who is a resident of your household. This includes a ward or foster child." As in *Kubik*, there is no express definition of "any person." As did the *Kubik* court, we initially infer that "any person" relates to all possible individuals, including the named insured and his family members.

Further, plaintiff's policy defines "covered person" thusly:

" 'Covered person' as used in this Part means:

1. You or any family member for the ownership, maintenance or use of any auto or trailer.

2. Any person using your covered auto.

3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or trailer, other than your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or trailer."

Under the instant policy's "Exclusions" section, the following language is found:

"A. We do not provide Liability Coverage for any person:

1. Who intentionally causes bodily injury or property damage.

2. For damage to property owned or being transported by that person.

3. For damage to property:
   a. rented to;
   b. used by; or
   c. in the care of;
that person.

This exclusion does not apply to damages to:
   a. a residence or private garage; or
   b. any of the following type vehicles not owned by or furnished or available for the regular use of you or any family member:
   (1) private passenger autos;
   (2) trailers; or
   (3) pickups, panel trucks, or vans.

4. For bodily injury to an employee of that person during the course of employment. This exclusion does not apply to bodily injury to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee. This exclusion does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the business or occupation of:
   a. selling;
   b. repairing;
   c. servicing;
   d. storing; or
   e. parking;
vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance, or use of your covered auto by:
   a. you;
   b. any family member; or
   c. any partner, agent or employee of you or any family member.

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:
   a. private passenger auto;

b. pickup, panel truck or van that you own; or

c. trailer used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that person is entitled to do so.

9. For bodily injury or property damage for which that person:

a. is an insured under a nuclear energy liability policy; or

b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

a. Nuclear Energy Liability Insurance Association;

b. Mutual Atomic Energy Liability Underwriters; or

c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any motorized vehicle having less than four wheels.

2. Any vehicle, other than your covered auto, which is:

a. owned by you, or

b. furnished or available for your regular use.

3. Any vehicle, other than your covered auto, which is:

a. owned by any family member; or

b. furnished or available for the regular use of any family member.

However, this exclusion does not apply to your maintenance or use of any vehicle which is:

a. owned by a family member; or

b. furnished or available for the regular use of any family member."

After comparing the *Kubik* policy with the instant policy, we can find no significant distinctions. For all intents and purposes, the policies are identically worded.

The fact that the preamble to the *Kubik* exclusions section does not include the term "any person" but instead incorporates said term in the opening words of certain exclusionary paragraphs makes no difference. Further, the language of two exclusions sections is virtually identical in paragraphs 1 through 7. Paragraphs 8, 9, and 10 of the *Kubik* exclusions section are essentially the same as paragraphs B1, B2, and B3, respectively, of the instant exclusions section. Paragraphs 11 and 12 in *Kubik*'s exclusions section

are very similar to paragraphs 8 (the subject of this appeal) and 9 of the instant exclusions section.

■■ As in *Kubik*, it is essential to read the subject exclusionary paragraph within the context of the entire exclusion section. (See also *Strzelczyk v. State Farm Mutual Automobile Insurance Co.* (1985), 138 Ill. App. 3d 346, 350.) In the instant exclusion section, the terms "family member" and "any person" are used selectively, giving the impression that the terms apply to mutually exclusive classes. Exclusion B3 applies only to a "family member" while exclusions Nos. 1, 2, 4, 5, 7, 8, and 9 are directed to "any person." Exclusions Nos. 3 and 6 apply to both a "family member" and "any person."

■■ The exclusion under scrutiny here, No. 8, is, as noted above, virtually identical to *Kubik*'s exclusion No. 11, the subject of *Kubik*'s appeal. Exclusion No. 8 does not allow coverage for any person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so." Said exclusion makes no reference to a "family member," as do exclusions Nos. 3, 6, and B3, which specifically bar coverage to a "family member." When read as a whole, plaintiff's policy implies that coverage for a "family member" is barred only by those exclusions which refer to same. As the *Kubik* court found, where a policy creates two distinct classes, namely, "family member" and "any person," and where several exclusions specifically include "family member" but the exclusion under scrutiny does not, then, at the very least, it is ambiguous as to whether a "family member" is barred from coverage under said exclusion. (*Kubik*, 142 Ill. App. 3d at 910.) Such ambiguity causes us to interpret the policy and, specifically, exclusion No. 8 in a light most favorable to defendant. *Kubik*, 142 Ill. App. 3d at 911.

Accordingly, we find that plaintiff must defend and indemnify defendants, Bailey Jackson and Jacqueline Jackson, for any claims arising from the accident on July 28, 1985, in which Robert N. Duffy was fatally injured.

We reverse the judgment of the circuit court.

Reversed.

McLAREN and GEIGER, JJ., concur.