SHIRLEY DUNGEY *et al.*, Plaintiffs-Appellants, v. HAINES AND BRITTON, LTD., *et al.*, Defendants-Appellees.

Fifth District No. 5—90—0100

Opinion filed February 14, 1992.

CHAPMAN, J., dissenting.

Stephen J. Stephenson, of Nelson, Bement, Stubblefield & Rich, of Belleville, for appellants.

Rebecca J. O'Neill, of Mitchell, Brandon & Schmidt, of Carbondale, for appellees.

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Shirley Dungey and John Dungey, appeal from an order of the circuit court of Randolph County granting summary judgment in favor of defendant, Economy Fire and Casualty Company (hereinafter Economy). In this cause, plaintiffs raise a single issue, namely, whether the trial court erred in granting summary judgment for Economy. We reverse and remand.

The facts are not in dispute. In 1981, plaintiffs attempted to get insurance coverage through an insurance broker, Haines & Britton, Ltd. (hereinafter Haines), and another defendant who is not a party to this appeal. On April 22, 1981, policy number EF12—308776 was issued to plaintiff Shirley Dungey. At that time, Shirley signed a named drivers exclusion endorsement excluding her husband, John, from coverage under that policy. John was able to obtain coverage through Haines but was insured by another company. Shirley Dungey renewed her policy one year later, on April 22, 1982, and at the request of Economy, again signed a named drivers exclusion endorsement excluding her husband, John, from coverage under that policy.

On November 3, 1983, Economy issued another policy to Shirley on a 1970 Ford Mustang, which listed her son, Brian, as the primary

driver. Economy did not request, nor did Shirley sign, a named drivers exclusion endorsement excluding her husband from this new policy covering the Ford Mustang. Shirley Dungey periodically renewed both insurance policies. Economy never again required her to sign another named drivers exclusion endorsement. When she renewed her policy, she received a declaration page from Economy which contained a series of numbers under the "Endorsements" section. The series of numbers indicated that John Dungey was excluded from the policy, but this could only be determined by referring back to the policy. The declaration page never specifically, by language, stated that there was an exclusion for John.

On May 20, 1985, plaintiffs traded vehicles and purchased a 1985 Chevy van. Shirley Dungey informed Haines that John would be the primary driver of the van. The title to the van was registered to both Shirley and John. Insurance on the van was obtained through Economy by converting existing policy number EF12—308776, obtained by Shirley Dungey on April 22, 1981. Shirley was not asked to sign a named drivers exclusion endorsement when the conversion occurred. At the same time the policy was converted to cover the van, Economy issued policy number 12—500793 to John Dungey, which insured his 1984 Chrysler Laser.

On May 29, 1986, John was driving the 1985 Chevy van when he was involved in a one-car accident. The van was completely destroyed, and Economy refused to pay plaintiffs' claim for damages on the basis that John Dungey was excluded from coverage under policy number EF12—308776. Plaintiffs filed suit to recover damages from Haines and Economy. Plaintiffs and Economy both filed motions seeking summary judgment. In their respective motions, defendants implicitly stated that there were no issues of material fact and that each was entitled to summary judgment as a matter of law. The parties' motions for summary judgment apparently motivated the trial court to shift its attention from issues of fact to issues of law. After considering both plaintiffs' and Economy's motions, the trial court entered summary judgment in favor of Economy, prompting plaintiffs to bring this appeal.

The issue we are asked to consider is whether the trial court erred in granting summary judgment for Economy. Plaintiffs contend that Economy's conduct created an ambiguity as to whether an exclusionary clause was in effect and that the ambiguity must be construed in favor of plaintiffs. They argue that a reasonable person could draw the inference that John Dungey was covered to drive the 1985 van, first, because Economy issued an insurance policy to John Dungey on the 1984 Chrysler Laser and simultaneously insured plaintiffs' 1985 van after no-

tice that John would be the primary driver, and, second, because the last named drivers exclusion endorsement was signed by Shirley Dungey on April 22, 1982, and the declaration pages sent to plaintiffs periodically did not state there was an exclusion except through a series of numbers which plaintiffs would have to decode by referring back to the policy. Economy replies that the exclusionary clause is clear and unambiguous and, therefore, the trial court did not err in granting summary judgment in Economy's favor. While we agree that the original named drivers exclusion endorsement was unambiguous, we cannot agree that Economy's actions subsequent to the signing of the 1982 endorsement did not create an ambiguity.

Summary judgment may be granted only when the pleadings, depositions, admissions and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) A motion for summary judgment and its supporting documents must be construed strictly against the moving party and liberally in favor of the opponent. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 214, 531 N.E.2d 1358, 1363.) Summary judgment is a drastic method of disposing of cases and should be granted only when the movant's position is clear and free from doubt. 125 Ill. 2d at 215, 531 N.E.2d at 1363.

■ When an exclusionary clause in an insurance policy is relied upon to deny coverage, its applicability must be clear and free from doubt. (*Economy Fire & Casualty Co. v. Bassett* (1988), 170 Ill. App. 3d 765, 769, 525 N.E.2d 539, 541.) The burden of showing that a claim falls within the exclusion rests with the insurer for two reasons: (1) the insured's intent in purchasing an insurance policy is to obtain coverage, so any ambiguity jeopardizing such coverage should be construed consistent with the insured's intent, and (2) the insurer is the drafter of the policy and could have drafted the ambiguous provision to be clear and specific. (*Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 909, 492 N.E.2d 504, 507.) In determining if an ambiguity exists, the provision in question must be read in its factual context and not in isolation. (*Bassett*, 170 Ill. App. 3d at 769, 525 N.E.2d at 542.) We believe that the instant case involves more than the interpretation of a contract. The question is whether Economy's acts would lead a reasonable person to believe that John Dungey was covered under policy number EF12—308776.

■ In the case at bar, only if the exclusionary provision is read in isolation is it clear that John Dungey was excluded from the policy; if all the facts of this case are considered as a whole, a reasonable person could conclude that John Dungey was insured through Economy to drive

the van under policy number EF12—308776. Shirley Dungey was not asked to sign a named drivers exclusion endorsement after April 22, 1982. From that time until the date of the accident in question, Economy had annually furnished Shirley with a declaration page on policy number EF12—308776. The declaration page did not specifically refer to the exclusion of John from the policy but merely recited a series of numbers which required the reader to refer back to the original policy in order to determine that an exclusion existed. When plaintiff obtained the 1985 Chevy van, Shirley informed Haines that John would be the primary driver. Economy converted Shirley's old policy, EF12—308776, to cover the van. Simultaneous with the conversion, Economy issued a policy to John insuring a 1984 Chrysler Laser. When considered in the light most favorable to plaintiffs, we believe that a reasonable person could believe that John Dungey was covered under policy number EF12—308776.

Along with the actions of Economy, the policy itself is a source of ambiguity in the instant cause; a reasonable person reading the policy cannot tell within the four corners of the document what is excluded. The policy was entirely drafted by Economy, which as the drafter was in the position to avoid ambiguities. Economy could have specifically stated that John was excluded under policy EF12—308776, required Shirley to sign a named drivers exclusion endorsement when the policy was converted to cover the 1985 van, or both. In this case Economy created the ambiguity within the policy itself and cannot either show such ambiguity does not exist or construe the ambiguity against its insured.

Because of the ambiguity created by Economy both by its actions and within the policy itself, we find that there is a genuine issue of material fact concerning the intent of the parties as to whether John Dungey was covered by policy number EF12—308776. Therefore, we find that the trial court erred in granting summary judgment for Economy.

For the foregoing reasons, the order of the circuit court of Randolph County is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

HOWERTON, J., concurs.

JUSTICE CHAPMAN, dissenting:

I respectfully cast my dissent in this cause for the reason that the majority has chosen to ignore a basic precept of contract law: When the language of a contract is unambiguous, the express provision governs

and there is no need for construction or inquiry as to the intention of the parties. (*P.A. Bergner & Co. v. Lloyds Jewelers, Inc.* (1986), 112 Ill. 2d 196, 203, 492 N.E.2d 1288, 1291.) It is clear that the majority recognizes that an ambiguous contract is one capable of being understood in more than one sense (*McWhorter v. Realty World-Star, Inc.* (1988), 171 Ill. App. 3d 588, 525 N.E.2d 1205), and specifically that a provision in an insurance policy is deemed ambiguous if it is subject to more than one reasonable interpretation. (*Economy Fire & Casualty Co. v. Bassett* (1988), 170 Ill. App. 3d 765, 525 N.E.2d 539.) However, the majority strays from accepted notions of insurance contract interpretation when it proceeds to create an ambiguity where none exists.

Shirley Dungey was issued an insurance policy in 1981. At that time she signed a named drivers exclusion endorsement excluding her husband from coverage under that policy. Shirley Dungey renewed her policy in 1982 and once again signed a named drivers exclusion endorsement excluding her husband from coverage under that policy. In 1983, and periodically thereafter, Shirley Dungey renewed her insurance policy. At all times when her policies were renewed Dungey received a declaration page from Economy which contained numbers referring back to the original policy and the exclusion for her husband. Although the declaration page never specifically stated that her husband was excluded from coverage, the exclusion could be determined by referring to the numbers on the policy as they referred back to the original exclusion. Here the exclusionary clause is not subject to more than one reasonable interpretation. The clause plainly excluded John Dungey from coverage under the insurance policy. I cannot conclude that the trial court's determination was in error.