JESSE MURPHY, Special Adm'r of the Estate of David Murphy, Deceased, Plaintiff-Appellee, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.

Fifth District   No. 5—91—0204

Opinion filed August 3, 1992.

William Kent Brandon and Christy W. Solverson, both of Brandon & Schmidt, of Carbondale, for appellant.

Gordon Lambert, of Harris & Lambert, of Marion, for appellee.

JUSTICE HENRY LEWIS delivered the opinion of the court:

Plaintiff, Jesse Murphy, special administrator of the estate of David Murphy, his natural son, instituted a declaratory judgment action seeking an order by the trial court that the two automobile insurance policies purchased by the plaintiff from the defendant, State Farm Mutual Automobile Insurance Company, provided coverage under his uninsured motorist provisions for his son's death on September 14, 1987. At issue is whether David was a "relative" of the plaintiff as that term was defined in the plaintiff's insurance policies and, thus, an insured at the time of his death. The circuit court found that the insurance policies provided by the defendant to the plaintiff were ambiguous, and that the plaintiff was entitled to benefits under the uninsured motorist provisions in each policy. The court further determined that David was living with the plaintiff at the time of his death, and this fact also entitled the plaintiff to benefits under the policies. The defendant appeals from the circuit court's judgment. We affirm.

The facts are not in dispute. On October 1, 1982, the defendant issued to the plaintiff an automobile insurance policy (policy No. 2115—077—A24—13B) covering a 1983 Cadillac Deville owned by the plaintiff. On May 17, 1984, the defendant also issued to the plaintiff a second automobile insurance policy (policy No. 6918—333—D24—13B) covering a 1983 GMC pickup truck owned by the plaintiff. Under both of these policies, the plaintiff had uninsured motorist coverage, and the pertinent language under the uninsured motorist provisions of each policy was identical. Both policies stated that an "insured" under the uninsured motorist provisions was the first person named in the declarations, his or her spouse, and their relatives. Similarly, both policies defined "relative" as follows:

"Relative—means a person related to you or your spouse by blood, marriage or adoption who *lives with* you. It includes your unmarried and unemancipated child away at school." (Emphasis added.)

When the plaintiff's two policies were issued, David lived with the plaintiff in a house owned by the plaintiff at 1002 West Broadway in Johnston City, Illinois. The evidence presented at the hearing on the complaint for the declaratory judgment also established that David had lived with the plaintiff continuously from the time the insurance policies were issued until June 20, 1987.

On June 20, 1987, the plaintiff remarried. His new wife, Mildred, lived in a house owned by her at 1006 Hobbs Street, also in Johnston City, Illinois. After his remarriage, the plaintiff and his new wife spent considerable time camping, but when in Johnston City, the plaintiff slept and ate his meals with his wife at her home. The only items the plaintiff removed from his home at 1002 West Broadway to his wife's home following his marriage were some of his summer clothing, two or three long-sleeved shirts for cool weather, and a chest of drawers.

Although the plaintiff ate his meals and slept at his new wife's home after their marriage, the plaintiff testified at the hearing on his complaint that he went to his home practically every day to see his son, who continued to reside in the plaintiff's home. In fact, David had never married and had lived with the plaintiff in the plaintiff's home since his birth in 1957. Additionally, the plaintiff explained that because David's driver's license was suspended, he drove David to and from his part-time job, drove David to see his probation officer, and shopped and paid for groceries for David whenever the plaintiff and his wife were in Johnston City. The plaintiff stated that David lived in the plaintiff's home rent-free, but that David mowed the lawn and did the housekeeping for the plaintiff. David also would clean cars for other persons, and when he did so, David used the plaintiff's garage and cleaning materials provided by the plaintiff. According to the plaintiff, he paid the utility bills and the taxes, and he also made the necessary repairs on the house. The plaintiff explained that he and his wife stayed at his wife's home when they were in Johnston City, as his wife and David did not get along with each other.

On September 14, 1987, approximately three months after the plaintiff's remarriage, David was a passenger in a car owned by Terry Gower when the car was struck by a vehicle owned and operated by Charles Hodges, an uninsured motorist. David died as a result of this accident. David was 28 or 29 years of age at the time of his death. The plaintiff made a claim for benefits for his son's death under the uninsured motorist provisions of both of his insurance policies issued by the defendant, which provided for benefits in the amount of $50,000 per person per accident under each policy or a total of $100,000. The defendant refused to pay the plaintiff benefits, as it was the defendant's position that, although David was related to the plaintiff by blood, he was not living with the plaintiff at the time of the accident which caused his death, and therefore, he was not a relative as that term was defined in the policies and thus not an insured. Subsequently, the plaintiff filed his complaint for declaratory judg-

ment against the defendant to determine if David was an insured and whether the estate was entitled to uninsured motorist coverage under the plaintiff's policies. As was noted previously, the court found that the definition of "relative" in the defendant's insurance policies issued to the plaintiff was ambiguous because the definition failed to state when David had to be living with the plaintiff, at the time the policy was issued or when the accident occurred. The court further held that David was living with the plaintiff at the time of the accident and was an insured under the plaintiff's insurance policies.

On appeal, the defendant contends (1) that the court erred in finding that the term "relative" defined in the insurance policies was ambiguous, and (2) that the court erred in finding that David Murphy was an insured under the plaintiff's insurance policies because he lived with the plaintiff at the time of the accident. In the defendant's first issue, the defendant argues that the term "relative" is not ambiguous when the phrase "live with" is given its plain, ordinary meaning. The defendant also asserts that it is not required to state when a relative must live with an insured to be covered under a policy, since the case law establishes that coverage under an insurance policy is determined at the time of the accident.

■■ ■ Construction of an insurance policy presents only a question of law. (*Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 492 N.E.2d 504; *State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601.) When interpreting an automobile insurance policy, the rules governing interpretation require the court to effectuate the intent of the parties. (*Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 492 N.E.2d 504.) Where the terms of a policy are clear and unambiguous, the language used will be given its plain meaning; however, if a provision is subject to more than one reasonable interpretation, it is ambiguous and should be construed against the insurer and in favor of the insured. (*Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 492 N.E.2d 504.) Additionally, ambiguity is not limited to grammatical imprecision of the policy, for the particular factual setting of the insurance policy provides a framework for determining if the policy as executed is consistent with the intent of the parties. (*Goss v. State Farm Mutual Automobile Insurance Co.* (1986), 147 Ill. App. 3d 866, 498 N.E.2d 562.) Further, ambiguous provisions with which an insurer seeks to limit its liability are construed most strongly against the insurer. *Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 492 N.E.2d 504.

■ The reasons behind the rules of interpreting an insurance policy are twofold: (1) an insured's intent in obtaining insurance is to have coverage, and thus, any ambiguity jeopardizing coverage should be construed consistent with the insured's intent, and (2) it is the insurer who is the drafter of the policy, and the insurer could have drafted the ambiguous provision clearly and specifically. (*Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 492 N.E.2d 504.) Here, we find that the phrase "live with" found in the definition of the term "relative" used in the insurance policies issued by the defendant was ambiguous under the factual circumstances presented in this case.

■ From the time the defendant issued the insurance policies to the plaintiff until June 20, 1987, the plaintiff was living continuously with his son David. The plaintiff had paid the defendant for coverage against uninsured motorists at all times relevant while living with David, so it must be inferred that it was the plaintiff's intent to obtain coverage. Further, it is a reasonable inference that the insurer would be aware of who was living in the plaintiff's home who presented potential liability, so that the defendant would have knowledge of the risk to which it was exposed at the time a policy was issued or renewed. Additionally, although the case law states that coverage under a policy is determined at the time of an accident (*Coley v. State Farm Mutual Automobile Insurance Co.* (1989), 178 Ill. App. 3d 1077, 534 N.E.2d 220), the defendant's policies did not state this when it used the phrase "live with," and a lay person should not have to resort to research in the case law to know what his coverage under a policy is. Moreover, as the drafter of the policies, it would have been a simple matter for the defendant to include language in the policies as to when a person must be living with the named insured in order to have coverage under the policy. Because the definition of the term "relative" is ambiguous under the facts in this case, the ambiguity must be resolved against the defendant and in favor of the plaintiff. Because of our resolution of the ambiguity issue, we need not consider the defendant's argument that the court erred in determining that David lived with the plaintiff at the time of his accident.

For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed.

Affirmed.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.