ROBERT T. MANK, Plaintiff-Appellee, v. WEST AMERICAN INSURANCE COMPANY, Defendant-Appellant (Devin L. Sims, Defendant).

Fifth District    No. 5—92—0607

Opinion filed September 7, 1993.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Scott O. Reed, of counsel), for appellant.

Brad L. Badgley, of Heiligenstein & Badgley, P.C., of Belleveille, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff, Robert T. Mank, instituted a declaratory judgment action seeking a determination that the defendant, West American Insurance Company, had a duty to defend and indemnify Devin Sims based upon a business automobile liability insurance policy issued to Sims' father's business, Jack Waters Plumbing, Inc. The parties filed cross-motions for summary judgment. On June 17, 1992, the court granted the plaintiff's motion for summary judgment and found that the Toyota Tercel driven by Devin Sims at the

time of the collision with the plaintiff was covered by the West American insurance policy issued to Jack Waters Plumbing, Inc.

At issue is whether an endorsement in the policy which limits coverage to vehicles listed in a "schedule of covered autos" is ambiguous if the only schedule attached to the policy is one entitled "schedule of equipment." The trial court found that the policy was ambiguous and therefore construed the insurance contract against the insurer and in favor of coverage. The defendant, West American Insurance Company, appeals from the circuit court's judgment. We reverse.

The facts are undisputed. On October 31, 1989, the plaintiff, Robert T. Mank, was involved in a collision with defendant, Devin L. Sims. Sims was driving a 1989 Toyota Tercel, and its title was issued in the names of both Devin Sims and his father, Benjamin Clark Sims.

Prior to the accident, defendant West American Insurance Company had issued a business automobile liability insurance policy to Jack Waters Plumbing, Inc., which was co-owned by Devin Sims' father, Benjamin, and Jack Waters.

The policy contained an endorsement on a form labelled "Form 5912," which provided:

**"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

AUTOS NOT COVERED

In consideration of the premium paid, it is understood and agreed *coverage will not apply to an auto owned,* leased, acquired, or held under a contract of sale prior to the effective date of the policy *unless the auto is described in the schedule of covered autos."* (Emphasis added.)

The policy contained only one listing of automobiles, which was on a document entitled "schedule of equipment." Thirteen automobiles were listed on this schedule, but the 1989 Toyota Tercel owned by Devin Sims and Benjamin Clark Sims was not listed.

On appeal, West American Insurance Company contends (1) that the court erred in finding that the use of the term "schedule of covered autos" in the exclusion endorsement rendered the policy ambiguous, (2) that the language of an exclusion controls language found in the remainder of the insurance policy, and (3) that if the policy was properly found to be ambiguous, the trial court erred in

deciding, contrary to evidence, that the insured did not intend to cover personal vehicles of its co-owners omitted from the schedule.

The interpretation of an insurance policy is a question of law (*Murphy v. State Farm Mutual Automobile Insurance Co.* (1992), 234 Ill. App. 3d 222, 599 N.E.2d 446; *Burnett v. Safeco Insurance Co.* (1992), 227 Ill. App. 3d 167, 590 N.E.2d 1032), and this court may examine the issue of interpretation independently of the trial court's finding. *Landmark Trust Co. v. Aitken* (1992), 224 Ill. App. 3d 843, 587 N.E.2d 1076.

■ The rules governing the interpretation of insurance policies require unambiguous policies to be enforced as written. (*Murphy v. State Farm Mutual Automobile Insurance Co.* (1992), 234 Ill. App. 3d 222, 599 N.E.2d 446.) No extrinsic evidence of the parties' intent need be considered where the contract is determined to be unambiguous. (*P.A. Bergner & Co. v. Lloyds Jewelers, Inc.* (1986), 112 Ill. 2d 196, 492 N.E.2d 1288.) However, if a provision of the policy is ambiguous, it should be construed against the insurer and in favor of coverage. *State Security Insurance Co. v. Burgos* (1991), 145 Ill. 2d 423, 583 N.E.2d 547; *Murphy v. State Farm Mutual Automobile Insurance Co.* (1992), 234 Ill. App. 3d 222, 599 N.E.2d 446.

An ambiguity is present where a provision in the insurance contract is susceptible of more than one reasonable interpretation. *State Security Insurance Co. v. Burgos* (1991), 145 Ill. 2d 423, 583 N.E.2d 547; *Murphy v. State Farm Mutual Automobile Insurance Co.* (1992), 234 Ill. App. 3d 222, 599 N.E.2d 446; *Flora Bank & Trust v. Czyzewski* (1991), 222 Ill. App. 3d 382, 583 N.E.2d 720.

■ Applying these principles to this policy, we conclude that the trial court's finding of ambiguity was erroneous. The endorsement's reference to a "schedule of covered autos" was not ambiguous; it is only susceptible of one reasonable interpretation since there exists only one schedule of vehicles in the insurance contract. Had the policy contained more than one schedule of vehicles, none of which was entitled "schedule of covered autos," the endorsement's reference to a "schedule of covered autos" would be susceptible of more than one interpretation. Here, however, the insurance policy contained only one schedule. Thus, there was no room for confusion.

■ The second point raised by the insurer is that language in an exclusionary endorsement controls language in the remainder of the policy. The plaintiff contends that the policy's declarations page designates the auto liability coverage with "covered auto symbol 01," which is defined in the policy as covering "any auto." This

designation appears to be in conflict with the exclusion in the endorsement. This court has previously held that an insurance policy and its endorsements must be read together to determine the meaning and effect of the insurance contract. (*Rockford Mutual Insurance Co. v. Economy Fire & Casualty Co.* (1991), 217 Ill. App. 3d 181, 576 N.E.2d 1141.) If there is a conflict between the policy and an endorsement, the endorsement will control. (*Rockford Mutual Insurance Co. v. Economy Fire & Casualty Co.* (1991), 217 Ill. App. 3d 181, 576 N.E.2d 1141; *G.E. Mathis Co. v. Centennial Insurance Co.* (1980), 80 Ill. App. 3d 610, 400 N.E.2d 621.) Jack Waters, the president of Jack Waters Plumbing, Inc., testified that all scheduled vehicles were used for business purposes. The car driven by Devin Sims was his personal car and had never been used in the business of Jack Waters Plumbing, Inc. Jack Waters listed only business vehicles on the schedule of equipment, and he excluded from the schedule the Toyota Tercel and all other personal automobiles of employees that were not used for business purposes. Waters never paid a premium for insurance coverage for the Toyota Tercel. These acts indicate that the insured understood the insurance agreement and did not intend for the Toyota to be covered under the policy.

Furthermore, the exclusion endorsement warned the insured that "THIS ENDORSEMENT CHANGES THE POLICY" and advised the policyholder to read the endorsement carefully. We conclude that Jack Waters obviously understood the warning since his description of the listing on the schedule is consistent with the language of the endorsement. Therefore, the endorsement controls the language of the insurance policy and excludes all coverage of any automobiles not described in the schedule of vehicles, despite the "any auto" coverage designation on the face sheet of the policy.

In light of our conclusions that use of the term "schedule of covered autos" in the exclusion endorsement was unambiguous and that the endorsement controls, we need not discuss the third issue raised by the appellant.

■ In short, the business automobile liability insurance policy issued to Jack Waters Plumbing, Inc., by West American Insurance Company should have been construed against coverage of the 1989 Toyota Tercel driven by Devin Sims. Form 5912 unambiguously excludes from coverage any automobile owned by the named insureds that was absent from the schedule. This exclusion controls the remainder of the insurance contract. Therefore, the trial court erred in granting the plaintiff summary judgment.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is reversed. Rather than remand this case, we enter summary judgment for defendant and against plaintiff under the authority granted this court by Supreme Court Rule 366 (134 Ill. 2d R. 366).

Reversed; judgment entered.

LEWIS and MAAG, JJ., concur.