■ VIJAYA L. VENIGALLA, Appellant, v PENN MUTUAL INSURANCE COMPANY, Respondent.—Order unanimously reversed, on the law, with costs, and plaintiff's motion granted. Memorandum: On July 12, 1984, Dr. Venigalla S.K. Prasad completed an application for a flexible premium adjustable life insurance policy in the amount of $965,000, payable in the event of his death. Defendant insurance company's agent, Dennis J. McNerney, accepted Dr. Prasad's check for $1,000, the initial premium payment. Sometime after making this application, Dr. Prasad had a physical examination and defendant concedes that he met their insurability standards. However, before the policy could be delivered, Dr. Prasad died suddenly and unexpectedly on July 29, 1984. Plaintiff, Dr.

Prasad's widow, and named beneficiary, made a demand for the proceeds of the insurance policy on or about August 1, 1984. Defendant refused to pay the face amount of the policy, relying on a clause printed in the prepayment receipt which purportedly limited the company's predelivery liability to members of Dr. Prasad's age group to $500,000. Plaintiff commenced this action to recover the face value of the policy, and subsequently moved for summary judgment, arguing that the terms of the policy were ambiguous. Special Term granted defendant's cross motion for summary judgment, holding that the terms of the policy were clear and unambiguous. We reverse.

Where the provisions of an insurance contract are clear and unambiguous, they must be enforced as written *(see, State of New York v Home Indem. Co.,* 66 NY2d 669, 671; *Breed v Insurance Co.,* 46 NY2d 351, 355, *rearg denied* 46 NY2d 940; *Prince v ITT Life Ins. Corp.,* 89 AD2d 779, 780). However, "where the meaning of a policy of insurance is in doubt or is subject to more than one reasonable interpretation, all ambiguity must be resolved in favor of the policyholder and against the company which issued the policy" *(Little v Blue Cross,* 72 AD2d 200, 203). This rule is enforced even more strictly when the language at issue purports to limit the company's liability *(Breed v Insurance Co., supra,* at 353; *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356; *Matter of Hanover Ins. Co. [St. Louis],* 119 AD2d 529, 532, *appeal dismissed* 68 NY2d 751; *Little v Blue Cross, supra).* If an ambiguity exists, the insurer bears the burden of establishing that the construction it advances is not only reasonable, but also that it is the only fair construction *(see, Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386, 390; *Bronx Sav. Bank v Weigandt,* 1 NY2d 545, 551; *Prince v ITT Life Ins. Corp., supra),* viewed through the eyes of the "average man on the street" *(Lachs v Fidelity & Cas. Co.,* 306 NY 357, 364, *rearg denied* 306 NY 941).

Reviewing the insurance contract in this case with these principles in mind, we conclude that the clause in the prepayment receipt that purports to limit the company's predelivery liability for coverage to certain maximum amounts is ambiguous, and should be construed against the company. This clause states that "[t]he maximum amounts of life insurance and Accidental Death Benefit for which prepayment may be accepted with this application and for which receipt is to be given are as follows", and lists maximum amounts for various age brackets. In our view, this clause appears to be a direction to the company's agents, not a notice to the proposed insured

that the interim predelivery coverage may be less than the amount of coverage for which he has applied. It is not capitalized, set off, italicized, underlined or highlighted in a way as reasonably to be expected to put an applicant on notice that his coverage is being limited. In this case, it would have been reasonable for Dr. Prasad to have assumed, because the agent did write an application for a policy in excess of the specified maximum amount and accepted prepayment of the first premium, that this clause did not apply. If the company intended to limit its interim liability to certain fixed maxima in cases where a prepayment was accepted for an amount in excess of that amount, it should have stated this restriction clearly and unambiguously. This it failed to do. (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—partial summary judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.