**MERIDIAN MUTUAL INSURANCE COMPANY, Appellant (Plaintiff),**

v.

**David M. COX, Bryan Keith Johnson, Dorothy M. Stout, Forrest Stout, Janet B. Shostrand, and William Brummett, Executor of the Estate of Thelma Brummett, Deceased, Appellees (Defendants),**

**Shelter Mutual Insurance Company, Intervenor.**

No. 29A02–8809–CV–327.

Court of Appeals of Indiana, Second District.

Aug. 1, 1989.

Robert L. Hartley, Jr., Martin Wade Hartley & Hollingsworth, Indianapolis, for appellant.

Lawrence McTurnan, McTurnan Meyer & Cadwell, R. Stephen Hansell, Beech Bank, Indianapolis, for appellees.

BUCHANAN, Judge.

## CASE SUMMARY

Plaintiff-appellant Meridian Mutual Insurance Co. (Meridian) appeals from the entry of summary judgment against it, claiming the trial court erred when it determined David M. Cox (Cox) was not excluded from coverage by its insurance policy.

We affirm.

## FACTS

The facts most favorable to the non-moving party reveal that on June 1, 1986, Cox took his parents' automobile without permission and later had an accident, injuring several other people and killing one.

At that time, Cox's parents were covered by an insurance policy issued by Meridian. The policy contained the following provision:

> "As used in this section only, *"insured person"* or *"insured persons"* mean:
>
> 1. *You* or a *family member.*
>
> 2. A person using *your insured auto.*
>
> 3. Any other person or organization with respect only to legal liability for acts or omissions of:
>
> a.  a person covered under this section while using *your insured auto;* or
>
> b.  *you* or a *family member* covered under this section while using an *auto* or *utility trailer* other than *your insured auto* if the *auto* or *utility trailer* is not owned or hired by that person or organization.
>
> However, no person shall be considered an *insured person* if the person uses an *auto* without a reasonable belief of having permission to use the *auto.*"

*Record* at 15–16. This emphasis appears in the original policy issued to Cox's parents.

On December 1, 1986, Meridian filed suit seeking declaratory relief that Cox was not covered by the insurance policy pursuant to above mentioned policy provision. Shelter Mutual Insurance Co. (Shelter) interevened, and Meridian moved for summary judgment on May 6, 1987, asserting it was not liable under the policy. Shelter filed a cross-motion for summary judgment on October 29, 1987. After a hearing on December 15, 1987, the trial court entered summary judgment against Meridian.

## ISSUE

The following issue is presented for our review:

Whether the trial court erred when it determined Cox was not excluded by the policy provision?

## DECISION

PARTIES' CONTENTIONS—Meridian asserts that the word "person" is unambiguous, and because Cox is a person, the policy provision clearly excludes coverage for the damage caused by the unauthorized use of the car. Shelter responds that the provision is ambiguous because it distinguishes between "persons" and "family members" and can reasonably be interpreted as excluding only non-family members.

CONCLUSION—The trial court properly interpreted the policy provision.

The trial court did not err when it determined Cox was covered by Meridian's insurance policy. In reviewing the grant of a motion for summary judgment, we will apply the same standard that the trial court applies; summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Jackson v. Warrum* (1989), Ind.App., 535 N.E.2d 1207.

■ The provisions of an insurance contract are subject to the same rules of interpretation and construction as are other contract terms, and summary judgment based upon the construction of a contract is a determination, as a matter of law, that the contract is not so ambiguous that resort must be made to extrinsic evidence in order to ascertain the contract's meaning. *Sharp v. Indiana Union Mut. Ins. Co.* (1988), Ind.App., 526 N.E.2d 237, *trans. denied.*

■ If an insurance contract is found to be ambiguous, it will be strictly construed against the insurer who drafted the contract. *Comprehensive Health Ins. Ass'n v. Dye* (1988), Ind.App., 531 N.E.2d 505. An insurance contract will be ambiguous only if reasonable persons upon reading the contract would differ as to the meaning of its terms, and an ambiguity is not estab-

lished simply because controversy exists, and one party's interpretation of the contract is contrary to that asserted by the opposing party. *Sharp, supra.*

■ Shelter contends that the use of "family member" and "person" in the contract provision in question creates an ambiguity. Shelter reads the provision as distinguishing between "family members" and "persons" so that the exclusion portion of the provision applies only to persons other than family members. Meridian asserts that the word person is unambiguous and refers to any person using the automobile.

■ While these particular terms have never been construed in Indiana, the court in *Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill.App.3d 906, 97 Ill.Dec. 68, 492 N.E.2d 504, considered an identical factual situation and strikingly similar contract language. The court concluded that the differentiation between the term "family member" and the term "person" could give rise to a reasonable interpretation that the terms were mutually exclusive.

The court in *Economy* observed that the terms "family member" and "person", by themselves, were not ambiguous, but that they could become ambiguous through use. The contract in *Economy* differentiated between "family member" and "person" throughout the contract. The court observed "because the policy considers a 'family member' and 'any person' as two distinct classes ... it is apparent that at the very least, an ambiguity is created with regard to whether a 'family member' is barred from coverage by [the exclusion]." *Id.* at 910, 97 Ill.Dec. at 71, 492 N.E.2d at 507.

Turning to Meridian's policy provision, we believe the court's analysis in *Economy,* is persuasive. In Meridian's policy, the term "family member" is *emphasized* and distinguished from the term "a person" throughout the provision in question. The use of the nonemphasized "person" in the exclusion portion of the provision unmistakably gives rise to an inference that the unemphasized term "person" refers back to the previous uses of the unempha-

sized term "person" and not to "family members". Further, throughout the contract the term "family member" is distinguished from references to other persons. *Record* at 13–29.

■ We agree with the court's conclusion in *Economy,* that the creation of different classes by distinguishing between descriptive terms can create an ambiguity in a contract provision, even though the words, by themselves, are not ambiguous. We therefore conclude that the policy provision is ambiguous, and it must be construed in favor of the insured. *Comprehensive, supra.* Because extrinsic evidence was unnecessary for the trial court to determine the proper interpretation of the contract, we must also conclude summary judgment was properly granted. *Sharp, supra.*

Judgment affirmed.

ROBERTSON and HOFFMAN, JJ., concur.