■ PAYCHEX, INC., Respondent, v COVENANT INSURANCE COMPANY, Appellant, et al., Defendants.—Order unanimously affirmed with costs. Memorandum: The insured's son, who lived in his father's household, drove his father's automobile into a building, causing substantial property damage. The building owner sued both the son and the father; the father's insurance company disclaimed coverage for the son, contend-

ing that he was not an insured within the terms of the insurance policy.

The policy defines covered person as:

"1. You [the named insured] or any family member for the ownership, maintenance or use of any auto or trailer.

"2. Any person using your covered auto."
Expressly excluded is "Liability Coverage for any person * * * [u]sing a vehicle without a reasonable belief that that person is entitled to do so."

The insurance company contends that since the son was not licensed to drive, he had no reason to believe that he was entitled to use his father's automobile, and thus, the son is not a covered person under the terms of the insurance policy.

The plaintiff in the underlying negligence action brought this action for a judgment declaring that the son is a covered person under the policy and directing the company to defend and indemnify him. Supreme Court granted summary judgment to the plaintiff. We affirm.

The exclusion may be construed to refer solely to the second definition of "covered person", namely, "[a]ny person using [the] covered auto". Thus, a "family member" would still be a "covered person" even though he might be a person using the automobile without a reasonable belief that he was entitled to do so (see, *Meridian Mut. Ins. Co. v Cox,* 541 NE2d 959 [Ind App]; *Economy Fire & Cas. Co. v Kubik,* 142 Ill App 3d 906, 492 NE2d 504). The terms of the policy are at least ambiguous, and any ambiguity should be resolved in favor of the policyholder and against the insurer (see, *Venigalla v Penn Mut. Ins. Co.,* 130 AD2d 974, *lv dismissed* 70 NY2d 747). (Appeal from order of Supreme Court, Erie County, Joslin, J. —declaratory judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.