**AMERICAN STATES INSURANCE COMPANY, Appellant–Plaintiff,**

v.

**ADAIR INDUSTRIES, INC., Appellee–Defendant.**

No. 82A04–9009–CV–445.

Court of Appeals of Indiana, Fourth District.

Aug. 19, 1991.

Peter G. Tamulonis, John B. Drummy, Jeffrey A. Doty, Kightlinger & Gray, Indianapolis, for appellant-plaintiff.

William E. Statham, Statham, Johnson & McCray, Evansville, for appellee-defendant.

CHEZEM, Judge.

### Case Summary

Plaintiff–Appellant, American States Insurance Company (American States), appeals from the summary judgment entered for Defendant–Appellee, Adair Industries, Inc. (Adair). We affirm.

### Issue

American States presents one (1) issue for our review, which we restate as follows:

Whether the trial court erred in determining that Lawrence Briggs (Lawrence) was covered by the automobile insurance

policy issued to his sister, Sheryl Briggs (Sheryl), by American States.

### Facts and Procedural History

On May 21, 1988, Lawrence was driving his sister's car when it collided with a building owned by Adair. The collision caused property damage of approximately $30,000. Lawrence was 19 years old at the time of the accident. He and his sister lived with their parents in Evansville, Indiana.

At the time of the accident, Sheryl had an automobile insurance policy with American States. The policy contained the following provisions:

"**Family car**" means a 4 wheel private passenger or utility auto owned by an individual or by an individual and spouse, residents of the same household.

"**Family member**" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

\* \* \* \* \* \*

### PART A—LIABILITY COVERAGE

\* \* \* \* \* \*

"**Covered person**" as used in this Part means:

1. if **your covered auto** is a **family car**:
   a. you and any **family member** for the ownership, maintenance or use of any auto or **trailer.**
   b. any person using **your covered auto.**

\* \* \* \* \* \*

### EXCLUSIONS

We do not provide **Liability Coverage:**

\* \* \* \* \* \*

12. for any person using a vehicle without a reasonable belief the person is entitled to do so.

On October 4, 1988, American States filed its Complaint for Declaratory Judgment against Lawrence and Adair. In essence, American States sought a declaration that the policy provided no coverage for the accident. Thereafter, Adair filed its Motion for Summary Judgment. After a hearing, the trial court entered summary judgment against American States on May 29, 1990.

### Discussion and Decision

This is an appeal from an entry of summary judgment, and our standard of review in such cases is well-established. When reviewing a summary judgment, the standard on review is the same as it was for the trial court: whether there was no genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Rogers v. Lewton* (1991), Ind.App., 570 N.E.2d 133, 134. Therefore, we stand in the position of the trial court and consider the same matters. *Campbell v. Porter County Board of Commissioners* (1991), Ind.App., 565 N.E.2d 1164, 1166.

■ American States first argues that the trial court erred in determining that the policy provided coverage for the accident in question. In particular, American States argues that there is no coverage because of Exclusion No. 12, which bars coverage "for any person using a vehicle without a reasonable belief the person is entitled to do so." In its brief, it states as follows:

The American States policy unambiguously excludes coverage for any person who operates a vehicle without a reasonable belief that he was entitled to do so. There is no dispute that Lawrence Briggs had no such belief, because he did not have permission to use the vehicle and did not have a valid driver's license at the time of the accident. The policy therefore excludes coverage for Lawrence Briggs' unauthorized and illegal use of Sheryl Briggs' automobile.

The interpretation of an insurance policy is primarily a question of law for the court. *Sharp v. Indiana Union Mutual Insurance Co.* (1988), Ind.App., 526 N.E.2d 237, 239, *reh. denied, trans. denied.* The provisions of an insurance contract are subject to the same rules of interpretation and construction as are other contract terms. *Id.* In construing a written insurance contract, we may not extend insurance coverage beyond that provided in the contract, nor may we rewrite the clear and unambiguous language of an insurance contract. *Hitt v. Githens* (1987), Ind.App., 509 N.E.2d 210, 212, *reh. denied, trans. de-*

*nied.* A contract will be found to be ambiguous only when it is susceptible to more than one interpretation and reasonable persons would honestly differ as to its meaning. *Sharp,* 526 N.E.2d at 239. We note an ambiguity is not established simply because a controversy exists, and one party asserts an interpretation contrary to that asserted by the opposing party. *Id.* If we find an insurance contract to be ambiguous, we will strictly construe it against the insurer who drafted the contract. *Comprehensive Health Insurance Assn. v. Dye* (1988), Ind.App., 531 N.E.2d 505, 507.

In its brief, Adair argues that the trial court properly determined that the terms "family member" and "any person" were *mutually exclusive* as used in the American States policy. Adair contends that the use of these terms creates an ambiguity which renders Exclusion No. 12 susceptible to more than one reasonable interpretation. In other words, Adair believes that these terms refer to two distinct and separate classes of individuals. The first would include "family members," and the second would be the group comprising "any person." Adair therefore maintains that the exclusion applies only to persons *other than family members.* On the other hand, American States contends that there is no ambiguity, and that the term "any person" refers to anyone using the car, including family members.

We have already addressed these types of arguments in the case of *Meridian Mutual Insurance Co. v. Cox* (1989), Ind.App., 541 N.E.2d 959, *trans. denied.* There, we held that "the creation of different classes by distinguishing between descriptive terms can create an ambiguity in a contract provision, even though the words, by themselves, are not ambiguous." *Meridian,* 541 N.E.2d at 962. In other words, the differentiation in a policy between "family member" and "any person" can give rise to a reasonable interpretation that the terms are mutually exclusive. *Id.* We also note that the facts and the contract language in *Meridian* are nearly identical to those before us in the present case.

Another strikingly similar case is *Economy Fire & Casualty Co. v. Kubik* (1986),

142 Ill.App.3d 906, 97 Ill.Dec. 68, 492 N.E.2d 504. There, Economy filed a declaratory judgment action seeking an order by the trial court that it was not obligated to defend Paula Kubik, a fourteen year old daughter of Edward Kubik, for claims arising from an accident which Paula was involved in. Edward had previously purchased an automobile insurance policy from Economy covering himself and each person constituting a "family member." On appeal, Economy argued "that although Paula is a 'family member' under the terms of Edward's policy, nevertheless, Economy is not obligated to defend or indemnify Paula for claims arising from this particular accident because of an exclusion in the policy that bars coverage 'for any person using a vehicle without a reasonable belief that the person is entitled to do so.'" *Economy,* 492 N.E.2d at 505–506. The appellate court disagreed, stating as follows:

> [W]hile the terms 'family member' and 'any person' have a clear meaning when standing alone, that meaning can become, as in the instant case, ambiguous through the manner in which those terms are used throughout the policy. In this regard, we note that the terms 'family member' and 'any person' are used selectively throughout the policy's exclusions in such a way as to create the impression that they refer to mutually exclusive classes.

> \*   \*   \*   \*   \*   \*

> This selective use of the terms 'family member' and 'any person' is critically important for the term 'family member' is notably absent from [E]xclusion # 11. Again, [E]xclusion # 11 bars coverage 'for any person using a vehicle without a reasonable belief that the person is entitled to do so.' Exclusion # 11 does not bar, as several other exclusions specifically do, coverage for a 'family member.' Consequently, a reading of the policy gives rise to the implication that a 'family member' is barred from coverage by only those exclusions wherein the term 'family member' is specifically included (nos. 3, 6 and 10) and is likewise not barred from coverage by those exclu-

sions, such as [E]xclusion # 11, which do not contain the term 'family member.' As a result, because the policy considers a 'family member' and 'any person' as two distinct classes, and because [E]xclusion # 11 does not include the term 'family member' whereas several other exclusions within the policy specifically do, it is apparent that at the very least, an ambiguity is created with regard to whether a 'family member' is barred from coverage by [E]xclusion # 11.

*Economy*, 492 N.E.2d at 507.

We agree with the decisions in *Cox* and *Economy*. In the present case, the terms "family member" and "any person" are selectively used in the exclusion portion of the American States policy. Also, the term "family member" is emphasized and distinguished from the term "any person." We agree this creates the impression that the terms refer to two distinct and different classes, which are mutually exclusive. Consequently, there is an ambiguity created by the manner in which the terms are used in the policy. Reasonable persons may honestly differ as to the meaning of the terms, and thus the policy must be construed in favor of the insured. *Mote v. State Farm Mutual Automobile Ins. Co.* (1990), Ind.App., 550 N.E.2d 1354, 1359, *trans. denied*. In addition, because extrinsic evidence was unnecessary in determining the proper interpretation of the contract, the trial court did not err in proceeding with summary judgment. *Cox*, 541 N.E.2d at 962.

■ American States next argues that "[e]ven assuming that Exclusion 12, excluding coverage for 'any person' using a vehicle without a reasonable belief the person is entitled to do so, does not apply to family members, coverage for Lawrence Briggs is nevertheless excluded because he does not qualify as a 'family member.'" American States cites the following definition of "family member" in the policy: "'**Family member**' means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." American States then argues that "Lawrence Briggs, however, cannot be deemed a member of his sister's household when both he and his sister lived with their parents." In essence, American States contends that a person is a "family member" only if the insured is the *head* of the household. We disagree.

Lawrence is within the definition of "family member." The first part of the definition is satisfied because Lawrence is the brother, "by blood," of Sheryl. With respect to the second part, it is undisputed that he resides in the same household as Sheryl; thus, he is a resident of "[Sheryl's] household." Our conclusion here is supported by similar decisions by courts in other jurisdictions. *E.g., Lontkowski v. Ignarski* (1959), 6 Wis.2d 561, 95 N.W.2d 230; *Leteff v. Maryland Casualty Co.* (1956), La.App., 91 So.2d 123; *Tomlyanovich v. Tomlyanovich* (1953), 239 Minn. 250, 58 N.W.2d 855. *See also*, 7 Am.Jur.2d *Automobile Insurance*, § 189.

In *Lontkowski*, there was a dispute over the meaning of the term "his household" in an automobile insurance policy. Donald Ignarski was the brother of Joseph Ignarski. Both were unmarried and lived with their parents on the father's farm. Both also occupied the same bedroom. The trial court determined that "at the time of the accident Donald was a member of Joseph's household." On appeal, the Wisconsin Supreme Court agreed, stating as follows:

On the evidence in the present record the trial court could properly find that the young men, Donald and Joseph, were dwelling with their parents as a family under one roof, and hence were members of the same household.

\*     \*     \*     \*     \*     \*

Since the brothers were members of the same household, the trial court did not err in finding that Donald was 'a member of his (Joseph's) household.' The term 'his household' may include persons other than those to whom the named insured bears the relationship of *pater familias* or head of the house. 'His' household does not connote ownership or supremacy but means the household of which he is a member.

*Lontkowski,* 95 N.W.2d at 233.

Affirmed.

MILLER and SULLIVAN, JJ., concur.