THE HANOVER INSURANCE COMPANY *vs.* STEPHEN LOCKE
& others.[1]

No. 92-P-1586.

Suffolk. November 17, 1993. - December 28, 1993.

Present: ARMSTRONG. DREBEN. & IRELAND. JJ

*Insurance*, Motor vehicle insurance, Coverage, Construction of policy. *Motor Vehicle*, Unauthorized use, Insurance.

Where the person operating a motor vehicle was doing so without the consent of the owner, under the terms of the applicable insurance policy neither compulsory [680] nor optional [680-682] coverage was available from the owner's insurer to pay for personal injuries caused by that driver.

CIVIL ACTION commenced in the Superior Court Department on April 4, 1988.

The case was heard by *John L. Murphy, Jr.*, J.

*Daniel E. Kudzma* for Donna Martynowski, administratrix.

*John D. Boyle* for the plaintiff.

DREBEN, J. The insurer sought a declaration that Stephen Locke, who allegedly killed James M. Maloney in a hit and run accident while driving his father's automobile, was not covered by his father's insurance policy. The reason for no coverage, in the view of the insurer, is that both the compulsory and the optional parts of the policy provide coverage only if a person is operating the vehicle with the consent of the vehicle's owner.

A judge of the Superior Court found that Stephen, at the time of the accident, did not have the express or implied consent of either of his parents to drive the car. Under the mis-

---

[1]Paul J. Locke and Donna Martynowski, as administratrix of the estate of James M. Maloney.

taken assumption that the only issue before him concerned the optional part of the policy, the judge ordered the entry of judgment declaring that the insurer is not obligated to defend Stephen Locke in this action beyond the $10,000 compulsory coverage. The administratrix of Maloney's estate appealed from the denial of optional coverage, and the insurer filed a cross appeal, seeking a declaration that Stephen was also not covered under the compulsory insurance portion of the policy.

1. *Compulsory insurance.* Contrary to the administratrix's contention, the finding that "Stephen Locke operated the Ford Escort without the express or implied consent of either parent" is supported by the record. There was evidence that not only did the Lockes forbid Stephen to use their cars but also, at their request, Stephen was taken off the policy. Stephen had his own car, and, on the night of the accident, he took his father's car without the permission or knowledge of either parent.

The relevant section of Stephen's father's policy provided:

> "We will pay only if you or someone else using your auto with your consent is legally responsible for the accident."

There is no ambiguity in this language, and an examination of the record indicates that the insurer did not waive its claim that there was no compulsory coverage. The judgment must be corrected to state that there was no coverage for Stephen on the night of the accident under the compulsory part of the policy.

2. *Optional coverage.* The relevant language of the policy is as follows:

> "Under this Part, we will pay damages to people injured or killed in accidents if you *or a household member* is legally responsible for the accident. We will also pay damages if someone else using your auto with your consent is legally responsible for the accident. The damages we will pay are the amounts the injured person is

entitled to collect for bodily injury through a court judgment or settlement.

"This Part is similar to Compulsory Bodily Injury to Others (Part 1). Like the Compulsory Part, this Part pays for accidents involving your auto in Massachusetts. Also like the Compulsory Part, this Part *does not pay for the benefit of anyone using an auto without the consent of the owner.*" (Emphasis supplied.)

"Household member" is defined to include "anyone living in your household who is related to you by blood, . . . ." It is undisputed that Stephen was a household member.

The administratrix claims that under the language of the policy a household member is covered even when driving without consent. Otherwise, she claims, the term "household member" is meaningless surplusage. Moreover, citing *Commerce Ins. Co.* v. *Koch*, 25 Mass. App. Ct. 383, 387 (1988), she argues that if there is any ambiguity, since this is an optional clause, the provision must be construed against the insurer.

Although there is some redundancy in the provisions concerning optional coverage and the clauses are inartfully drafted, we agree with the judge that the language — "this Part does not pay for the benefit of anyone using an auto without the consent of the owner" — applies to anyone, including household members.[2] Otherwise, the exclusion would be unnecessary, and the comparison with compulsory insurance would be inappropriate.[3] Contrary to the administra-

---

[2]Accordingly, we need not consider the suggestion in *Commerce Ins. Co.* v. *Koch* that the rule construing a policy against the insurer embraced by the administratrix is inapplicable "where the Commissioner of Insurance has approved a policy under his general power, even if the pertinent provision of this policy has not been prescribed in words or substance by a statute." We note, however, that a number of later cases indicate that the rule advocated by the administratrix does not apply even to optional coverage where the language is approved by the Commissioner of Insurance. See *Aetna Cas. & Sur. Co.* v. *Sullivan*, 33 Mass. App. Ct. 154, 156 (1992). See also *Royal-Globe Ins. Co.* v. *Craven*, 411 Mass. 629, 633 n.6 (1992).

[3]The authorities elsewhere are divided and, in any event, not very helpful. The language and placement of the coverage and exclusionary provi-

trix's claim, the term "household member" in the first sentence is not without meaning, as the clause provides coverage when the household member is driving a car not owned by the insured.

Since both the compulsory and the optional provisions at issue required the consent of the owner, we order that the judgment be modified to declare that there is no coverage for Stephen either under the compulsory or optional portions of the policies. As so modified, the judgment is affirmed.

*So ordered.*

sions differ from policy to policy. Often the opinions finding coverage rest on a rule of construction that may not be applicable to these Massachusetts policies, see note 2, *supra*, and see, e.g., *Economy Fire & Cas. Co.* v. *Kubik*, 142 Ill. App. 3d 906 (1986); *Meridian Mut. Ins. Co.* v. *Cox*, 541 N.E.2d 959 (Ind. Ct. App. 1989); *American States Ins. Co.* v. *Adair Indus., Inc.*, 576 N.E.2d 1272 (Ind. Ct. App. 1991); *Paychex, Inc.* v. *Covenant Ins. Co.*, 156 A.D.2d 936 (N.Y. 1989), or are based on the rule that exclusions are to be construed narrowly. See, e.g., *Hartford Ins. Co.* v. *Jackson*, 206 Ill. App. 3d 465 (1990). See also *State Auto. Mut. Ins. Co.* v. *Ellis*, 700 S.W.2d 801 (Ky. Ct. App. 1985).

Among the cases with analogous language where no coverage was found are: *Driskill* v. *American Family Ins. Co.*, 698 F. Supp. 789 (E.D. Mo. 1988); *Georgia Farm Bureau Mut. Ins. Co.* v. *Fire & Cas. Ins. Co. of Conn.*, 180 Ga. App. 777 (1986); *General Acc. Fire & Life Assur. Corp.* v. *Perry*, 75 Md. App. 503 (1988); *St. Paul Ins. Co.* v. *Rutgers Cas. Ins. Co.*, 232 N.J. Super. 582 (1989); *State Farm Mut. Auto. Ins. Co.* v. *Kelly*, 132 Wis. 2d 187 (1986).