[646 NYS2d 589]

HARTFORD INSURANCE COMPANY OF THE MIDWEST, Appellant, v
JAMES S. HALT et al., Respondents. (Appeal No. 2.)

Fourth Department, July 12, 1996

## APPEARANCES OF COUNSEL

*Smith, Murphy & Schoepperle,* Buffalo *(Frank G. Godson* of counsel), for appellant.

*Davis, Augello, Matteliano & Gersten, L. L. P.,* Buffalo *(William A. Gersten* of counsel), for James S. Halt, respondent.

*Smith, Keller, Miner & O'Shea,* Buffalo *(R. Charles Miner* of counsel), for Kathleen M. Pfeiffer, respondent.

*Weissfeld, Weissfeld & Weissfeld,* Buffalo *(Adrian R. Weissfeld* of counsel), for Bruno Molino, respondent.

*Paul William Beltz, P. C.,* Buffalo *(Kevin Sullivan* of counsel), for Stephen J. Niedziela, respondent.

*Miserendino, Celniker, Seegert & Estoff, P. C.,* Buffalo *(Philip Celniker* of counsel), for Barbara M. Lamm and another, respondents.

## OPINION OF THE COURT

DENMAN, P. J.

These appeals require us to decide whether the entitlement exclusion of an automobile liability policy that excludes coverage to "any person * * * [u]sing a vehicle without a reasonable belief that that person is entitled to do so" is applicable to a "family member" of the insured. We hold that the policy unambiguously excludes liability coverage for a "family member" who uses the vehicle without permission. We thus overrule our decision in *Paychex, Inc. v Covenant Ins. Co.* (156 AD2d 936).

### FACTS

Effective April 1, 1993, plaintiff, Hartford Insurance Company of the Midwest, issued an automobile policy to its named insured, Susan Latt, covering her 1985 Ford Ranger pickup truck. The policy provides:

"INSURING AGREEMENT

A. We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. * * *

"B. Insured as used in this Part means:

"1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

"2. Any person using **your covered auto.**"

The policy defines **"Family Member"** as "a person related to you by blood, marriage or adoption who is a resident of your household". The policy contains a number of "EXCLUSIONS",

including exclusion A.8, which provides: "We do not provide Liability Coverage for any person * * * [u]sing a vehicle without a reasonable belief that that person is entitled to do so."

The issue of coverage is raised with respect to use of the 1985 Ford pickup by James S. Halt, Susan Latt's son, on April 9, 1993, when it collided with another vehicle, resulting in injuries to the occupants of both vehicles. It is incontrovertible on this record that use of the vehicle by Halt at the time of the accident was without the permission of his mother and stepfather, in whose household he was residing. The record establishes that, while his parents were away on vacation, and while Halt was staying with a friend, Halt broke into his parents' house, searched for the truck keys (which had been hidden), and took the truck against his parents' express wishes.

As a result of the incident, Halt's mother lodged a criminal complaint against Halt for burglary and unauthorized use of a motor vehicle. Ultimately, Halt pleaded guilty to a reduced charge of petit larceny. Halt also pleaded guilty to a charge of driving without a license. In addition, personal injury actions were instituted by or on behalf of the five injured occupants of both vehicles against Halt as driver and Susan Latt as owner of the 1985 Ford. Subsequently, following consolidation of those actions, Susan Latt obtained summary judgment dismissing all claims against her on the ground that Halt was not using the vehicle with her express or implied permission.

In the interim, plaintiff disclaimed coverage and commenced this action seeking a declaration that it is not obligated to defend or indemnify Halt in the underlying action. The basis for plaintiff's disclaimer was the provision excluding "[c]overage for any person * * * [u]sing [the] vehicle without a reasonable belief that that person is entitled to do so." The complaint named as defendants all parties to the underlying action.

In his answer, Halt denied that he was operating the vehicle without permission, although that fact is incontrovertible on this record and Halt would be collaterally estopped from relitigating that issue after his mother obtained summary judgment on that basis. Further, Halt raised as an affirmative defense that he was a "family member" of the insured, as that term is defined in the policy, because he was residing in the household of his mother at the time of the accident. Halt contended that he thus is covered under the policy regardless of lack of permission and that plaintiff must defend and indemnify him.

Plaintiff moved for summary judgment declaring that it has no obligation to defend or indemnify Halt. Plaintiff alleged

that Halt had neither permission to use the vehicle nor a reasonable belief that he was entitled to operate it, and therefore is not covered. Plaintiff also contended, for the first time, that Halt was not a "family member" of the insured because he was not residing with her on the date of the accident.*

Halt opposed plaintiff's motion and cross-moved for summary judgment declaring that plaintiff is obligated to defend and indemnify him in the underlying action. Halt also sought reimbursement for the reasonable costs and attorney's fees incurred in defending the declaratory judgment action. Halt contended that he was a "family member", that "family members" and other "persons" constitute mutually exclusive classes under the policy, and that his use of the vehicle without permission thus does not exclude him from coverage. In making that argument, Halt relied on this Court's decision in *Paychex, Inc. v Covenant Ins. Co. (supra)*. The remaining defendants (plaintiffs in the underlying action) joined in opposition to plaintiff's motion and in support of Halt's cross motion.

Supreme Court, relying on *Paychex*, denied plaintiff's motion and granted Halt's cross motion. In a judgment (denominated order and judgment), the court declared that plaintiff is obligated to defend and indemnify Halt in the underlying action. In a separate order, the court declared that plaintiff must reimburse Halt for the costs of defending the declaratory judgment action.

### ISSUE

On appeal, plaintiff contends that the court should have declared that plaintiff is not obligated to defend and indemnify Halt under his mother's policy. That issue of contractual interpretation turns on whether Halt, as a "family member" of the insured, is necessarily covered under the policy, or whether he is excluded from coverage under the entitlement exclusion, which states, "We do not provide Liability Coverage for any person * * * [u]sing a vehicle without a reasonable belief that that person is entitled to do so." The question is whether a "family member" is a "person" within the meaning of the exclusion, or whether the phrases "family member" and "any person" define mutually exclusive classes.

---

* There is no merit to plaintiff's contention regarding residence. In our view, Halt was a resident of his mother's household at the time of the accident, notwithstanding that his family was away on vacation and that he was temporarily staying with a friend. We note, however, that this issue is of no importance in light of our determination that the policy exclusion applies to a "family member".

We decided precisely that issue in *Paychex, Inc. v Covenant Ins. Co. (supra)*, which is indistinguishable from this case with respect to both the relevant facts and the policy language. There, we affirmed an order granting summary judgment declaring that the insurer was obligated to defend and indemnify the insured's son, reasoning: "The exclusion may be construed to refer solely to the second definition of 'covered person', namely, '[a]ny person using [the] covered auto'. Thus, a 'family member' would still be a 'covered person' even though he might be a person using the automobile without a reasonable belief that he was entitled to do so (*see, Meridian Mut. Ins. Co. v Cox*, 541 NE2d 959 [Ind App]; *Economy Fire & Cas. Co. v Kubik*, 142 Ill App 3d 906, 492 NE2d 504). The terms of the policy are at least ambiguous, and any ambiguity should be resolved in favor of the policyholder and against the insurer (*see, Venigalla v Penn Mut. Ins. Co.*, 130 AD2d 974, *lv dismissed* 70 NY2d 747)" (*Paychex, Inc. v Covenant Ins. Co., supra*, at 937).

Our decision in *Paychex* is the only New York case on point. However, numerous out-of-State cases deal with this issue (*see generally,* Annotation, *Application of Automobile Insurance "Entitlement" Exclusion to Family Member*, 25 ALR5th 60). For the most part, those cases involve policy language indistinguishable from that at issue here. A minority of courts have interpreted that language as providing coverage in these circumstances. Besides our *Paychex* decision, those cases that hold that a "family member" is covered even though he or she lacked permission include the two cases cited by us in *Paychex* (*see, Meridian Mut. Ins. Co. v Cox, supra; Economy Fire & Cas. Co. v Kubik, supra*) and several others (*see, United Servs. Auto. Assn. v Dunn*, 598 So 2d 1169 [La App]; *American States Ins. Co. v Adair Indus.*, 576 NE2d 1272 [Ind App]; *Hartford Ins. Co. v Jackson*, 206 Ill App 3d 465, 564 NE2d 906, *appeal denied* 139 Ill 2d 595, 575 NE2d 914; *State Auto. Mut. Ins. Co. v Ellis*, 700 SW2d 801 [Ky App]). Those cases generally hold that the policy uses the phrases "family member" and "any person" in such manner as to define mutually exclusive classes (*see, American States Ins. Co. v Adair Indus., supra*, at 1274-1275; *Hartford Ins. Co. v Jackson*, 206 Ill App 3d, *supra*, at 472-475, 564 NE2d, *supra*, at 910-912; *Meridian Mut. Ins. Co. v Cox, supra*, at 961; *Economy Fire & Cas. Co. v Kubik*, 142 Ill App 3d, *supra*, at 909-910, 492 NE2d, *supra*, at 507-508; *State Auto. Mut. Ins. Co. v Ellis, supra*, at 802-803). Those courts have

reasoned that, because the classes are mutually exclusive, an exclusion pertaining to "any person" does not pertain to family members, in other words, that "any person" means any person other than a family member (*see, e.g., Meridian Mut. Ins. Co. v Cox, supra,* at 961-962). Those cases generally hold that the policy language is at best ambiguous, and that any ambiguity must be resolved against the insurer (*see, American States Ins. Co. v Adair Indus., supra,* at 1275; *Hartford Ins. Co. v Jackson,* 206 Ill App 3d, *supra,* at 476, 564 NE2d, *supra,* at 912-913; *Meridian Mut. Ins. Co. v Cox, supra,* at 961; *Economy Fire & Cas. Co. v Kubik,* 142 Ill App 3d, *supra,* at 909, 492 NE2d, *supra,* at 506-507; *State Auto. Mut. Ins. Co. v Ellis, supra,* at 802-803). That is essentially the analysis we adopted in *Paychex.*

The vast majority of courts considering the issue have reached a contrary result, i.e., that the policy unambiguously excludes coverage for anyone, including a "family member", who uses the vehicle without permission (*see, Newell v Nationwide Mut. Ins. Co.,* 334 NC 391, 432 SE2d 284; *Allied Group Ins. Co. v Allstate Ins. Co.,* 123 Idaho 733, 852 P2d 485; *Estate of Ge Yang v General Cas. Co.,* 185 Wis 2d 919, 520 NW2d 291 [unpublished decision—text at 1994 WL 269281], *review denied* 524 NW2d 142; *Harlan v Valley Ins. Co.,* 128 Ore App 128, 875 P2d 471, *review denied* 319 Ore 407, 879 P2d 1285; *Cincinnati Ins. Co. v Plummer,* 213 Ga App 265, 444 SE2d 378; *Hanover Ins. Co. v Locke,* 35 Mass App Ct 679, 624 NE2d 615; *Kelly v Threshermen's Mut. Ins. Co.,* 176 Wis 2d 513, 502 NW2d 618 [unpublished decision—text at 1993 WL 98770]; *Omaha Prop. & Cas. Ins. Co. v Johnson,* 866 SW2d 539 [Tenn App]; *State Farm Mut. Auto. Ins. Co. v Casualty Reciprocal Exch.,* 600 So 2d 106 [La App]; *Omni Ins. Co. v Harps,* 196 Ga App 340, 396 SE2d 66; *St. Paul Ins. Co. v Rutgers Cas. Ins. Co.,* 232 NJ Super 582, 557 A2d 1052; *General Acc. Fire & Life Assur. Corp. v Perry,* 75 Md App 503, 541 A2d 1340, *cert denied* 313 Md 612, 547 A2d 189; *Georgia Farm Bur. Mut. Ins. Co. v Fire & Cas. Ins. Co.,* 180 Ga App 777, 350 SE2d 325; *State Farm Mut. Auto. Ins. Co. v Kelly,* 132 Wis 2d 187, 389 NW2d 838, *review denied* 132 Wis 2d 485, 393 NW2d 545; *see also, Driskill v American Family Ins. Co.,* 698 F Supp 789 [ED Mo] [applying Missouri law]; *cf., Donegal Mut. Ins. Co. v Eyler,* 360 Pa Super 89, 519 A2d 1005; *Wallen v Acosta,* 799 F Supp 83, 85, n 1 [D Kan] [applying Kansas law]). The foregoing cases hold that, because the term "any person" is unambiguous and has no technical or otherwise restricted definition in the policy itself,

it should be accorded its common meaning (*see, Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 401, 432 SE2d, *supra,* at 290; *Cincinnati Ins. Co. v Plummer,* 213 Ga App, *supra,* at 265-266, 444 SE2d, *supra,* at 380; *State Farm Mut. Auto. Ins. Co. v Casualty Reciprocal Exch., supra,* at 108; *St. Paul Ins. Co. v Rutgers Cas. Ins. Co.,* 232 NJ Super, *supra,* at 586, 557 A2d, *supra,* at 1054). As a result, those cases hold that "any person" means exactly that, necessarily including any "family member" or even the named insured (*see, Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 401, 432 SE2d, *supra,* at 290; *Omaha Prop. & Cas. Ins. Co. v Johnson, supra,* at 541; *State Farm Mut. Auto. Ins. Co. v Casualty Reciprocal Exch., supra,* at 108; *Omni Ins. Co. v Harps,* 196 Ga App, *supra,* at 341-342, 396 SE2d, *supra,* at 68). The cases reason that no ambiguity is created merely because one part of the policy establishes general coverage, whereas the other part establishes specific exclusions (*see, Omaha Prop. & Cas. Ins. Co. v Johnson, supra,* at 541; *General Acc. Fire & Life Assur. Corp. v Perry,* 75 Md App, *supra,* at 509, 541 A2d, *supra,* at 1342; *see also, Driskill v American Family Ins. Co., supra,* at 793).

Those cases generally note that the policy exclusions logically should be construed to pertain to the named insured and family members, those "persons" typically covered, because it would be pointless for the policy to exclude coverage for "persons" not covered by the policy in the first place (*see, e.g., Driskill v American Family Ins. Co., supra,* at 793). Those cases also deem it significant that, while the entitlement exclusion does not contain an exception for the named insured or a "family member," certain other policy exclusions, while pertaining generally to "any person", contain specific exceptions for the named insured and/or any "family member" (*see, Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 399, 432 SE2d, *supra,* at 289; *Allied Group Ins. Co. v Allstate Ins. Co.,* 123 Idaho, *supra,* at 735, 852 P2d, *supra,* at 487; *St. Paul Ins. Co. v Rutgers Cas. Ins. Co.,* 232 NJ Super, *supra,* at 586, 557 A2d, *supra,* at 1054). Those cases observe that it would be illogical to except a "family member" from an exclusion unless "any person" should otherwise be construed to include a "family member" (*cf., Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 399, 432 SE2d, *supra,* at 289; *St. Paul Ins. Co. v Rutgers Cas. Ins. Co.,* 232 NJ Super, *supra,* at 586, 557 A2d, *supra,* at 1054). Finally, those courts have observed that, if the exclusion for nonpermissive use does not apply to the named insured or a family member, neither would any other policy exclusion,

including the one for intentional torts, inasmuch as all of the exclusions refer to "any person" (*see, Cincinnati Ins. Co. v Plummer,* 213 Ga App, *supra,* at 266, 444 SE2d, *supra,* at 380; *Omaha Prop. & Cas. Ins. Co. v Johnson, supra,* at 541; *General Acc. Fire & Life Assur. Corp. v Perry,* 75 Md App, *supra,* at 521-522, 541 A2d, *supra,* at 1349; *Georgia Farm Bur. Mut. Ins. Co. v Fire & Cas. Ins. Co.,* 180 Ga App, *supra,* at 778, 350 SE2d, *supra,* at 326).

<u>ANALYSIS</u>

Although certain of the "no coverage" cases attempt to distinguish *Meridian, Economy,* and *Hartford* (*see, e.g., Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 397-399, 432 SE2d, *supra,* at 288-289; *General Acc. Fire & Life Assur. Corp. v Perry,* 75 Md App, *supra,* at 520-521, 541 A2d, *supra,* at 1348), the purported distinction proves ultimately to be unpersuasive (*see, Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 400, 432 SE2d, *supra,* at 290; *Omaha Prop. & Cas. Ins. Co. v Johnson, supra,* at 541) because it is based on an erroneous finding and a logical error contained within the seminal *Economy* decision. Analyzing the language of certain exclusions in the policy before it, the *Economy* court found that those exclusions applied "to both a 'family member' and 'any person' " (*Economy Fire & Cas. Co. v Kubik,* 142 Ill App 3d, *supra,* at 910, 492 NE2d, *supra,* at 507). The court thus reasoned that "some exclusions are applicable to only a 'family member', some exclusions are applicable to only the class comprising 'any person' (a group separate and distinct from a 'family member'), and some exclusions are applicable to both a 'family member' and 'any person' " (*Economy Fire & Cas. Co. v Kubik,* 142 Ill App 3d, *supra,* at 910, 492 NE2d, *supra,* at 507).

In our view, the *Economy* court was mistaken. The exclusions to which it was referring do not apply to both a "family member" and "any person." In fact, those exclusions apply to "any person" *except* the named insured or any "family member" (*see, Hartford Ins. Co. v Jackson,* 206 Ill App 3d, *supra,* at 470-471, 564 NE2d, *supra,* at 909-910 [quoting extensively from the policy at issue in *Economy*]). Of course, as observed by certain of the "no coverage" decisions, it is that exception to the exclusion that implies that the phrase "any person" includes the insured or any "family member" (*see, Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 399, 432 SE2d, *supra,* at 289; *St. Paul Ins. Co. v Rutgers Cas. Ins. Co.,* 232 NJ Super, *supra,* at 586, 557 A2d, *supra,* at 1054). Thus,

the cases finding ambiguity and upholding coverage are based on a flawed reading of the policy (*see, Omaha Prop. & Cas. Ins. Co. v Johnson, supra,* at 541).

There is no way to reconcile those decisions holding that there is coverage, including our decision in *Paychex (supra),* with the authorities finding no coverage. Thus, we must decide whether the majority view is so compelling as to overcome the sound demands of stare decisis (*see, Baden v Staples,* 45 NY2d 889, 892-893; *Silver v Great Am. Ins. Co.,* 29 NY2d 356, 363; *see generally, People v Damiano,* 87 NY2d 477, 488-490 [Simons, J., concurring]). We conclude that the interpretation urged upon us by plaintiff and adopted by the majority of courts that have addressed the issue is correct and that the countervailing view is unreasonable and unjust. We therefore hold that the policy excludes coverage in these circumstances and that our decision in *Paychex* should be overruled.

The construction and effect of a contract of insurance is a question of law to be determined by the court where there is no occasion to resort to extrinsic proof (*see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). In interpreting the contract, the intent of the parties, as expressed in the language of the policy, must control (*see, Breed v Insurance Co. of N. Am.,* 46 NY2d 351, 355, *rearg denied* 46 NY2d 940). The parties' intent is to be ascertained by examining the policy as a whole, and by giving effect and meaning to every term of the policy (*see, County of Columbia v Continental Ins. Co.,* 83 NY2d 618, 628; *Murray Oil Prods. v Royal Exch. Assur. Co.,* 21 NY2d 440, 445, *mot to amend remittitur granted* 22 NY2d 722). Reasonable effort must be made to harmonize all of the terms of the contract (*see, Facet Indus. v Wright,* 95 AD2d 262, 265, *revd on other grounds* 62 NY2d 769; *Cantanucci v Reliance Ins. Co.,* 43 AD2d 622, 623, *affd* 35 NY2d 890). Unless otherwise defined by the policy, words and phrases are to be understood in their plain, ordinary, and popularly understood sense, rather than in a forced or technical sense (*see, Michaels v City of Buffalo,* 85 NY2d 754, 757). Where the policy contains language possessing a definite and precise meaning, and containing no inherent ambiguity or uncertainty, the court should not "superimpose an unnatural or unreasonable construction" (*Goldman & Sons v Hanover Ins. Co.,* 80 NY2d 986, 987; *see, Government Empls. Ins. Co. v Kligler,* 42 NY2d 863, 864). Although any ambiguities must be resolved in favor of the insured, where the provisions of an insurance contract are clear and unambiguous, they must be enforced as written (*see,*

*Breed v Insurance Co. of N. Am., supra,* at 353-355), and the court " 'should refrain from rewriting the agreement' " (*United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232).

Here, construing the policy as written, we hold that the exclusion for nonpermissive use applies to "any person", including a family member. Several considerations lead us to that conclusion. First, Part A of the policy, in drawing a distinction between the named insured and family members, on the one hand, and any other person, has a very limited and simple purpose: to cover the named insured and family members while driving either a covered vehicle or a borrowed vehicle (*see, Hanover Ins. Co. v Locke,* 35 Mass App Ct, *supra,* at 680-681, 624 NE2d, *supra,* at 616-617; *State Farm Mut. Auto. Ins. Co. v Casualty Reciprocal Exch., supra,* at 108), while limiting coverage for any other person to those instances in which the other person is driving a covered vehicle. Thus, the intent is to differentiate between coverage that follows the insured (and family members) and coverage that follows the covered vehicle(s). If the policy were not written and construed to draw that distinction, either the coverage would not follow the insureds, or the entire world would be covered under any given policy (*cf., State Farm Mut. Auto. Ins. Co. v Casualty Reciprocal Exch., supra,* at 108; *Omni Ins. Co. v Harps,* 196 Ga App, *supra,* at 341-342, 396 SE2d, *supra,* at 68). The courts that have found an ambiguity based on that coverage distinction are reading too much into the policy language, as the two provisions are fairly and easily reconcilable.

Second, the phrase "any person" has no technical meaning, nor is it defined in the policy. Thus, the phrase should be accorded its ordinary and accepted meaning (*see, Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 401, 432 SE2d, *supra,* at 290; *General Acc. Fire & Life Assur. Corp. v Perry,* 75 Md App, *supra,* at 508, 520, 541 A2d, *supra,* at 1342, 1348). "[A]ny person" must be construed to mean just that, i.e., to include a "family member" (*see, Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 401, 432 SE2d, *supra,* at 290; *Omaha Prop. & Cas. Ins. Co. v Johnson, supra,* at 541; *Georgia Farm Bur. Mut. Ins. Co. v Fire & Cas. Ins. Co.,* 180 Ga App, *supra,* at 778, 350 SE2d, *supra,* at 326). That is especially true where the policy specifically defines "family member" as "a person" related to the insured (*see, State Farm Mut. Auto. Ins. Co. v Casualty Reciprocal Exch., supra,* at 108).

Third, every exclusion in the policy applies to "any person", with the exception of exclusion A.6, the bailment exclusion,

which, after referring generally to "any person", nonetheless states, "This exclusion * * * does not apply to the ownership, maintenance or use of **your covered auto** by: a. you; b. any **family member.**" Obviously, if "any person" did not include family members, there would be no need to except them from that exclusion. Thus, the fact that "family members" are excepted from exclusion A.6 but not exclusion A.8 implies strongly that family members are embraced within exclusion A.8 (*cf., Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 400-401, 432 SE2d, *supra,* at 289-290; *Allied Group Ins. Co. v Allstate Ins. Co.,* 123 Idaho, *supra,* at 735, 852 P2d, *supra,* at 487; *St. Paul Ins. Co. v Rutgers Cas. Ins. Co.,* 232 NJ Super, *supra,* at 586, 557 A2d, *supra,* at 1054). Conversely, if the parties had intended to except family members from the entitlement exclusion, they could have easily done so, as they did in the case of the bailment exclusion (*see, State Farm Mut. Auto. Ins. Co. v Casualty Reciprocal Exch., supra,* at 108; *cf., Safeco Ins. Co. v Davis,* 44 Wash App 161, 163, 721 P2d 550, 551 [policy language specifically excepting family members from exclusion for nonpermissive use]).

Fourth, if the exclusion for nonpermissive use does not apply to family members, neither do any of the other exclusions, because they all refer to "any person" (*cf., Newell v Nationwide Mut. Ins. Co.,* 334 NC, *supra,* at 399, 432 SE2d, *supra,* at 289; *Omaha Prop. & Cas. Ins. Co. v Johnson, supra,* at 541; *Georgia Farm Bur. Mut. Ins. Co. v Fire & Cas. Ins. Co.,* 180 Ga App, *supra,* at 778-779, 350 SE2d, *supra,* at 326). Thus, the effect of defendants' construction would be to cover insureds and their family members for, *inter alia,* intentional torts, injuries to their employees, and injuries arising out of commercial uses of a vehicle. Those are coverages that the carrier never agreed to provide and that the insured did not pay for. Thus, defendants' construction cannot be adopted without defeating both parties' reasonable expectations under the contract.

Finally, adopting defendants' interpretation would create a serious anomaly in case of vehicle theft. If the exclusion for nonpermissive use does not apply to named insureds or their family members, a thief would always be covered under his own policy, or under the policy of a family member with whom he resides (*see, Omni Ins. Co. v Harps,* 196 Ga App, *supra,* at 342, 396 SE2d, *supra,* at 68). Moreover, a thief would be covered not only when stealing the family car, as in this case, but when stealing any vehicle (*see, Omni Ins. Co. v Harps,* 196 Ga App, *supra,* at 342, 396 SE2d, *supra,* at 68). Obviously, that construction is untenable.

Accordingly, the order in appeal No. 1 and the judgment in appeal No. 2 should be reversed. Plaintiff's motion for summary judgment should be granted and judgment should be granted in favor of plaintiff declaring that plaintiff has no obligation to defend and indemnify Halt in the underlying action. Halt's cross motion should be denied.

CALLAHAN, J. (dissenting). We are called upon once again to decide whether a "family member" is a "covered person" within the meaning of an exclusion (A.8) in an automobile liability policy, or whether the phrases "family member" and "any person" define mutually exclusive classes. The majority acknowledges that the issue presented on this appeal is indistinguishable from the relevant facts and policy language that we previously addressed and that "[w]e decided precisely that issue" in December 1989 (see, Paychex, Inc. v Covenant Ins. Co., 156 AD2d 936). Subsequent to that decision, the Hartford Insurance Company (Hartford) issued an automobile policy effective April 1, 1993 to its named insured, Susan Latt, covering her 1985 Ford Ranger pickup truck. At the time of that contractual agreement, the provisions in the policy at issue were governed by the law enunciated in Paychex. All insurance carriers doing business in New York State were put on notice that the use of the terms "family member" and "any person" in exclusion A.8 of the policy created an ambiguity.

"[W]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). If Hartford intended to exclude liability for family members who use a vehicle without a reasonable belief that they are entitled to do so, it could have done so and made that intention clearly known (see, Sperling v Great Am. Indem. Co., 7 NY2d 442, 447, rearg denied 8 NY2d 785). The language of this policy, issued after our decision in Paychex, continues to use the same language and fails to impose the exclusion of coverage upon a family member.

Paychex was decided by a unanimous Court. That Court found that the terms of the policy at issue "are at least ambiguous, and any ambiguity should be resolved * * * against the insurer (see, Venigalla v Penn Mut. Ins. Co., 130 AD2d 974, lv dismissed 70 NY2d 747)" (Paychex, Inc. v Covenant Ins. Co., supra, at 937; see also, Breed v Insurance Co. of N. Am., 46 NY2d 351, 353, rearg denied 46 NY2d 940; Kenyon v Newton, 144 AD2d 901). In my view, it is inconceivable that this Court would reach an opposite conclusion six years later on the same

factual situation. Furthermore, to state that there is no ambiguity is to ignore the many disputes caused by these provisions and the different resolutions in various jurisdictions. Also, we need look no further than the lengthy dissertation in the majority decision endeavoring to prove that there is no ambiguity.

As we stated in *Venigalla v Penn Mut. Ins. Co.* (*supra*, at 975): "Where the provisions of an insurance contract are clear and unambiguous, they must be enforced as written (*see, State of New York v Home Indem. Co.*, 66 NY2d 669, 671; *Breed v Insurance Co.*, 46 NY2d 351, 355, *rearg denied* 46 NY2d 940; *Prince v ITT Life Ins. Corp.*, 89 AD2d 779, 780). However, 'where the meaning of a policy of insurance is in doubt or is subject to more than one reasonable interpretation, all ambiguity must be resolved in favor of the policyholder and against the company which issued the policy' (*Little v Blue Cross*, 72 AD2d 200, 203). This rule is enforced even more strictly when the language at issue purports to limit the company's liability (*Breed v Insurance Co.*, *supra*, at 353; *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356; *Matter of Hanover Ins. Co. [St. Louis]*, 119 AD2d 529, 532, *appeal dismissed* 68 NY2d 751; *Little v Blue Cross*, *supra*). If an ambiguity exists, the insurer bears the burden of establishing that the construction it advances is not only reasonable, but also that it is the only fair construction (*see, Sincoff v Liberty Mut. Fire Ins. Co.*, 11 NY2d 386, 390; *Bronx Sav. Bank v Weigandt*, 1 NY2d 545, 551; *Prince v ITT Life Ins. Corp.*, *supra*), viewed through the eyes of the 'average man on the street' (*Lachs v Fidelity & Cas. Co.*, 306 NY 357, 364, *rearg denied* 306 NY 941)."

To overrule our previous decision in *Paychex* has serious consequences. That case is the only one in New York. It has been the law in New York. Hartford was well aware of that determination when it sold this policy. It should be bound by that determination. Hartford could have easily revised its policy to make it clear and unambiguous. As the Court of Appeals has stated: "Always critical to justifying adherence to precedent is the requirement that those who engage in transactions based on the prevailing law be able to rely on its stability. This is especially true in cases involving property rights, contractual rights, and property dispositions, whether by grant or testament (see, e.g., *United States v Title Ins. Co.*, 265 US 472, 486-487; *Heyert v Orange & Rockland Utilities*, 17 NY2d 352, 360, 362-363, *supra* [property rights]; *United States v Flannery*, 268 US 98, 105 [commercial transactions]; *Matter of Eckart*, 39 NY2d 493 * * *; Douglas, Stare Decisis, 49 Col L Rev

735-736 [wills]; cf. *Endresz v Friedberg*, 24 NY2d 478, 488-489 [wrongful death action under EPTL 5-4.1] * * * )" (*People v Hobson*, 39 NY2d 479, 489).

"[A] precedent is entitled to initial respect, however wrong it may seem to the present viewer, if it is the result of a reasoned and painstaking analysis" (*People v Hobson, supra*, at 490). Our determination in *Paychex* was the result of a reasoned and painstaking analysis. We should adhere to that determination in the resolution of these appeals. I vote to affirm.

PINE, BALIO and DAVIS, JJ., concur with DENMAN, P. J.; CALLAHAN, J., dissents and votes to affirm in a separate opinion.

Judgment reversed, on the law, without costs, motion granted, judgment granted and cross motion denied in accordance with the opinion by DENMAN, P. J.