◼ CATHERINE BURRIESCI, Appellant, v PAUL REVERE LIFE INSURANCE CO., Respondent. [679 NYS2d 778] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff purchased an individual disability policy from defendant that provides benefits for total disability where the insured is unable to perform the important duties of his or her occupation and is under the regular care of a physician. The term "occupation" is defined as the occupation "in which You are regularly engaged at the time You become Disabled." Plaintiff thereafter left her employment as an assistant administrator for a small company, began looking for a new job and, when unsuccessful, obtained unemployment benefits. While unemployed, she injured her back. Her physician determined that she was totally disabled as of August 1991. Although defendant denied plaintiff's first claim on the ground that plaintiff was unemployed, defendant subsequently paid three months of benefits to plaintiff after she reinjured her back in December 1991. It then denied any further benefits because of lack of proof of continuing disability. Plaintiff commenced this action seeking damages for breach of contract, breach of the covenant of good faith, infliction of emotional distress and misrepresentation. Defendant moved for summary judgment dismissing the complaint on the ground that, under the plain language of the

policy, plaintiff was not entitled to any benefits because she was unemployed at the onset of her disability.

Supreme Court erred in granting that part of defendant's motion that sought dismissal of the first two causes of action. The policy is ambiguous (*see, Oot v Home Ins. Co.*, 244 AD2d 62). By failing to use language that provides that an insured must be actively working at the time that the disability arises, the policy does not unambiguously exclude coverage for unemployed insureds. "The construction and effect of a contract of insurance is a question of law to be determined by the court where there is no occasion to resort to extrinsic proof" (*Hartford Ins. Co. v Halt*, 223 AD2d 204, 212, *lv denied* 89 NY2d 813; *see, Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172; *Niagara County v Utica Mut. Ins. Co.*, 80 AD2d 415, 419, *lv dismissed* 54 NY2d 608). We reject defendant's contention that the addition of the term "regularly" to the term "engaged" means only that the policy covers a person who is employed but is not at work when the injury occurs. "Unless otherwise defined by the policy, words and phrases are to be understood in their plain, ordinary, and popularly understood sense, rather than in a forced or technical sense" (*Hartford Ins. Co. v Halt, supra,* at 212). Further, " 'where the meaning of a policy of insurance is in doubt or is subject to more than one reasonable interpretation, all ambiguity must be resolved in favor of the policyholder and against the company which issued the policy' (*Little v Blue Cross*, 72 AD2d 200, 203). This rule is enforced even more strictly when the language at issue purports to limit the company's liability [citations omitted]" (*Venigalla v Penn Mut. Ins. Co.*, 130 AD2d 974, 975, *lv dismissed* 70 NY2d 747). The occupation in which plaintiff was "regularly engaged" and to which she was attempting to return when she was injured was that of assistant administrator, and defendant may not deny benefits to plaintiff because she was temporarily unemployed at the onset of her disability. We modify the order, therefore, by denying in part defendant's motion and reinstating the first and second causes of action.

Plaintiff abandoned on appeal any contention with regard to the dismissal of the third and fourth causes of action (*see, Ciesinski v Town of Aurora*, 202 AD2d 984), and the order therefore is affirmed insofar as it grants that part of defendant's motion and dismisses those causes of action.

Finally, we agree with defendant that the court properly denied plaintiff's cross motion to amend the complaint. The proposed amendment would contradict sworn statements by plaintiff and is without merit. In light of our determination, we

do not reach plaintiff's remaining contention. (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.